**OWENS v. LIFF.**
No. 782.

Municipal Court of Appeals for the
District of Columbia.
April 25, 1949.

Raymond E. Gable and Ernest F. Henry, both of Washington, D. C. (Jerome F. Barnard, of Washington, D. C., on the brief), for appellant.

Joseph L. Rauh, Jr., of Washington, D. C. (Irving J. Levy and Paul A. Porter, both of Washington, D. C., on the brief), for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CLAGETT, Associate Judge.

This appeal involves the right to possession of an apartment in Naylor Gardens, a large development in southeast Washington, which was built originally by a United States government agency and subsequently sold to Veterans Cooperative Housing Association. Appellee Liff has resided in the project as a tenant since May 1943 and desires to continue to live there. Appellant Owens is a member of Veterans Cooperative and filed suit under that section of the District of Columbia Emergency Rent Act which permits a landlord (in the absence of a valid lease) to gain possession of housing accommodations upon establishing that he seeks such possession in good faith for his immediate and per-

sonal use and occupancy as a dwelling.[1] Appellee claims the right to remain in the apartment until the end of government rent control by reason of an amended lease made prior to the transfer of the property to Veterans Cooperative. This appeal is brought from a judgment of the trial court upholding the tenant's claim.

Unlike previous controversies in this jurisdiction involving cooperative apartments,[2] decision of the present case is not made to turn upon whether appellant Owens is a "landlord" within the meaning of the local Rent Act. This appeal depends rather upon the legal effect of a series of contracts and transfers of title affecting the project as a whole and the individual apartment over which this contest is waged.

Appellee Liff went into possession under a lease made to him by Defense Homes Corporation, a governmental agency, by which it was agreed that he became a tenant by the month. Such lease was made in 1943, which was after the effective date of the Emergency Rent Act.[3]

On January 15, 1947, the government signed a contract to sell the entire project to Veterans Cooperative Housing Association, a non-profit corporation organized pursuant to the District of Columbia Cooperative Association Act.[4] This contract contained various provisions for the protection of tenants already in the project, including appellee Liff. One such provision was: "Prior to January 1, 1948, or the date of termination of Rent Control in the District of Columbia (whichever date is the later) the Association [Veterans Cooperative] shall not: (1) Evict any tenant occupying the project on the date of the conveyance as aforesaid except for causes recognized by courts of law which justify eviction because of breach of tenancy contract * * *." An identical provision for the protection of tenants was inserted in a draft of deed of trust, which it was agreed Veterans Cooperative would give in part payment for the property.[5]

Subsequent to the making of this sale agreement between the government and Veterans Cooperative, or on November 22, 1947, appellant Owens signed a "mutual ownership" contract with Veterans Cooperative. This contract is the sole basis for his claim that he is a landlord entitled to possession of the apartment. The following provision is included in such contract: "The Association agrees to deliver the Perpetual Use [of the apartment] to the Member as of the date of the deed conveying the project to the Association to be executed and delivered by the Defense Homes Corporation (hereinafter called the 'Government'), *pursuant to the provisions of a certain Purchase and Sales Contract between the Government and the Association dated January 15, 1947.*" (Emphasis supplied.)

Subsequently negotiations took place to further insure the protection of the tenants then in the project and an agreement was reached between the Defense Homes Corporation (representing the government), the Veterans Cooperative, and an organization representing the tenants in possession, by which the provision for continuing tenancy was eliminated from the sale agreement between the government and Veterans Cooperative and from the draft of the deed of trust, and in lieu thereof separate agreements were made between the government agency and the individual tenants including appellee Liff. The new arrangement was incorporated in a written offer and acceptance between appellee and the government dated January 2, 1948, by which there was inserted in appellee's lease the following provisions:

"If no default occurs on the part of the Tenant in any of the covenants or con-

---

[1] Code 1940, Supp. VI, § 45—1605(b) (2).

[2] See Hicks v. Bigelow, D.C.Mun.App., 55 A.2d 924; Abbot v. Bralove, D.C.D. C., 81 F.Supp. 532; Osborne v. Page, D.C.Mun.Ct., 71 W.L.R. 225.

[3] Code 1940, Supp. VI, § 45—1601 et seq.

[4] Code 1940, § 29—801 et seq.

[5] Appellant made claim that he was not informed of these facts by the salesman who "sold" his apartment to him. He is bound, however, by the acts of Veterans Cooperative through which he derived all his rights. Whether he has any just grievance against Veterans Cooperative is not involved here.

·ditions of the Lease, then· the term thereof shall be automatically renewable from month to month at the option of the Tenant until the termination of rent control in the District of Columbia at the monthly rental set forth in this instrument * * *."

The entire project was conveyed to Veterans Cooperative by deed made and delivered February 2, 1948, and recorded the same day in the office of the Recorder of Deeds of the District of Columbia. Although the deed, as indicated, was made February 2, 1948, it contained a recital that it was made "as of the 31st day of December, 1947." The deed contained the following clause:

"The above-described property is conveyed subject to * * * *all outstanding valid leaseholds which have been executed between the parties of the first part* [United States Government] *and tenants at the property.*" (Emphasis supplied.)

Based upon the foregoing facts, appellant urges, first, that the clause in the deed that it was made subject to "outstanding" leaseholds does not apply to appellee's amended lease of January 2, 1948, since the deed was dated "as of the 31st day of December, 1947."

 The trial court ruled against this contention, and we believe its decision was correct. Under District of Columbia law a deed conveying real property takes effect from the date of the delivery thereof, except that as to creditors and subsequent bona fide purchasers and mortgagees without notice of the deed and others interested in said property the deed takes effect from the time of its delivery to the recorder of deeds for record.[6] Appellee had gained a right to a ·continuing lease by his agreement with Defense Homes Corporation of January 2, 1948. The deed delivered and recorded subsequently ·contained a specific provision that it was made subject to outstanding leaseholds. The provision

that the deed was made "as of" a previous date could not deprive him of rights already vested. It is urged in· behalf of appellee that the provision in the deed that it was made "as of" December 31, 1947, was inserted merely for bookkeeping purposes. Whatever the purpose, we are clear that the provision could not affect appellee's rights.

 Appellant also urges that the agreement to extend appellee's lease until the end of rent control was made without consideration to him and therefore was void as to to him. But, if a consideration exists, it is not necessary that it run to the person seeking to enforce the agreement.[7] Here there was sufficient consideration for the sales contract between the government and Veterans Cooperative and that contract contained the provision, inserted for the benefit of appellee and other tenants similarly situated, that they would not be dispossessed prior to the end of rent control. Such provision could have been enforced by appellee.[8] Therefore, when this provision was eliminated from the contract between the ·government and Veterans Cooperative and appellee was given the same rights directly, he was suffering a detriment in exchange for a right gained. Furthermore, as a result of the exchange the government gave up the right to enforce this part of its original agreement with Veterans Cooperative. Thus there was clear consideration to Veterans Cooperative, and such consideration is binding against appellant whose sole claim to any rights in the apartment is. through the association. Veterans Cooperative bargained away the right to dispossess appellee until the conclusion of rent control. Appellant is bound by that bargain.·

We believe that the trial court reached correct ·conclusions as to the law of the ·case and therefore the judgment is

Affirmed.

---

6 Code 1940, § 45—501. ·

7 Restatement, Contracts, § 135.·

8 Restatement,. Contracts, § 135(a). .