542 MORRIS PARK AVENUE CORPORATION, Appellant, *v.* " JOHN " WILKINS and Others, Respondents.

Supreme Court, Appellate Term, First Department, December, 1922.

**Landlord and tenant — corporation owning apartment house on co-operative plan — right to evict tenants — summary proceedings.**

Where a corporation formed upon the co-operative ownership plan is the owner of an apartment house of which the stockholders desire possession for their immediate use as a dwelling, the corporation under section 1410(1-a) of the Civil Practice Act is entitled to maintain summary proceedings against the apartment tenants though parts of the building are leased to other parties for business purposes.

APPEAL by landlord from order of the Municipal Court of the city of New York, borough of The Bronx, first district, in favor of tenants.

*McReynolds & Hunter* (*Wm. E. McReynolds*, of counsel), for landlord, appellant.

*Craig & Craig* (*Agnes M. Craig*, of counsel), for tenants, respondents.

Lehman, J.    The landlord brought summary proceedings against the tenants of an apartment house owned by it on the ground that it is a corporation formed under the co-operative ownership plan and that the stockholders thereof desire possession for their immediate use as a dwelling.    On the day set for the trial the tenants withdrew their answers and final orders were entered, but by consent executions of the warrants thereon were stayed until March 1, 1922.    On the 28th day of February, 1922, the tenants obtained an order to show cause why the final orders should not be set aside on the ground that the premises owned by the plaintiff corporation contained in addition to apartments which were leased to its stockholders, stores leased to other parties and that, therefore, section 1410, subdivision 1-a, of the Civil Practice Act had no application and the landlord was not entitled to the final order. The order to show cause contained a stay of the execution of the warrants until the determination of the motion.    A stipulation was thereupon made between the attorneys of the parties that the motion should be placed on the calendar for causes reserved generally and the hearing be continued until the further order of the court, and that the motion should not be restored to the calendar " until a decision shall have been had from the appellate court upon an agreed statement of facts to be signed by the counsel for the parties herein, which statement shall be submitted to the appellate court on or before the 29th day of March, 1922, and if the parties herein fail to agree upon the statement of facts, then this motion should be brought on for hearing upon three days' notice."    The parties failed to agree upon a statement of facts to be submitted to the Appellate Division and on the twelfth day of June the attorneys for the landlord gave notice that the proceedings would be brought on for a hearing on the 16th day of June, 1922, and that the landlord at such hearing will ask the court to deny the motion of the tenants to vacate such final orders and will also ask the court to vacate the stay under the order to show cause dated February 28, 1922.    A hearing was had on the motion and thereafter an order was submitted by the landlords and signed by the trial justice which denied the motion of the tenants to vacate the final orders and vacated the stay of execution of the warrants.

Apparently the trial justice signed this order by inadvertence

Appellate Term, First Department, December, 1922.     [Vol. 120

and thereafter on the tenants' motion he resettled the order which he had previously signed by striking therefrom the provision that the stay contained in the order to show cause should be vacated.

The landlord now appeals from the order resettling his original order, and urges various technical objections to such resettlement.

We need not, however, consider whether or not the justice below had the technical right to resettle the original order if the order as resettled is erroneous. From the recitals in the resettled order and the affidavits upon which it is based it appears that at the hearing in June the attorneys had agreed upon a statement of facts to be submitted to the Appellate Division, but the landlord has refused to sign such a statement. It would appear, however, that at the hearing no stipulation was made by the parties or their attorneys that a controversy based on an agreed statement of facts signed by the parties should be submitted to the Appellate Division within any set time or that the hearing of the motion to vacate the final orders should be further adjourned until the submitted controversy was decided, and as a matter of fact the order in its resettled form does not provide for an adjournment of such hearing but denies the motion to vacate the final order and yet continues a stay contained in the order to show cause why the same final orders should not be vacated.

It is evident that the stay continued in existence by the resettled order must be vacated if the motion to vacate the final orders is denied, and since the time fixed by the stipulation whereby the hearing on the original order to show cause was adjourned has elapsed without the submission of the controversy to the Appellate Division, the justice below was required to pass upon the validity of the original final orders.

These orders were entered after the withdrawal of the tenants' answer and the only possible ground that can be urged that the orders so entered should be vacated is, that the tenants were ignorant of the fact that the building in which their apartments are situated also contained stores rented out for business purposes and that the existence of these stores suspended the right of the landlord to bring summary proceedings for the possession of the apartments used for dwelling purposes.

It is somewhat difficult to understand how the tenants could have been ignorant of the existence of the stores, but I will assume for the purpose of this appeal that claim to be true, for in my opinion the existence of stores even though not leased to stockholders of the landlord corporation cannot affect the right of the landlord to maintain summary proceedings to obtain possession of the apartments.

Subdivision 1-a of section 1410 of the Civil Practice Act provides that such proceedings may be maintained "To recover premises constituting a part of a building and land which has been in good faith sold to a corporation formed under a co-operative ownership plan whereof the entire ownership shall be held by the stockholders in proportion to the number of rooms occupied or to be occupied by them in such building and all apartments or flats therein have been leased to stockholders of such corporation for their own personal, exclusive and permanent occupancy to begin immediately upon the termination of any tenancy of the apartments or flats leased by them existing on the date when this subdivision takes effect."

In the present case the corporation is concededly formed under a co-operative ownership plan and it is not disputed "that all apartments or flats therein have been leased to the stockholders of the corporation for their own personal exclusive and permanent occupancy," and there is nothing in the statute which provides that the summary proceedings cannot be maintained by such a corporation because the building does not consist entirely of apartment and flats, but also contains stores.

The purpose of the Rent Laws was to protect the occupation of the tenants of all premises occupied for dwelling purposes except where the owner of the leased premises desired to recover possession of them for the immediate and personal occupancy by himself and his family as a dwelling, and the legislature did not preclude the owner of such premises from maintaining summary proceedings merely because he used other parts of the same building for business purposes.

In a corporation organized under a co-operative ownership plan, as set forth in the section of the statute above quoted, the stockholders are in effect regarded as the owners of the rooms occupied or to be occupied by them, and the statute gives the corporation the right to maintain summary proceedings in their behalf. The language of the statute places no limitation upon this right merely because the building owned by such corporation contains other premises used for business purposes and the purpose of the Rent Laws does not require that such a limitation on the right to maintain summary proceedings should be implied.

It follows that the order appealed from should be reversed, with ten dollars costs, and the motion of the tenants to vacate the final orders denied, with ten dollars costs, and the stay vacated.

McAvoy and Wagner, JJ., concur.

Order reversed.