## WARDMAN CONST. CO. v. FLYNN.
### No. 5221 (Law No. 73086).

Court of Appeals of District of Columbia.
Argued Nov. 5, 1931.
Decided Dec. 7, 1931.

Daniel T. Wright and Philip Ershler, both of Washington, D. C., for appellant.

Godfrey L. Munter, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, HITZ, and GRONER, Associate Justices.

MARTIN, Chief Justice.

The appellee, Flynn, as plaintiff below, claimed judgment against the Wardman Construction Company, as defendant, in the sum of $1,618.51 for services as a real estate agent rendered by plaintiff for defendant. The claim of indebtedness was denied by defendant. A set-off also was pleaded.

The decisive question of fact presented by the pleadings was whether the plaintiff had purchased Apartment No. 303 in the Clydesdale Apartment House from defendant, and whether he still owed defendant for part of the purchase price thereof. This was asserted by defendant and denied by plaintiff.

This issue was tried to the jury, and at the close of all the evidence each party without more moved the court for a directed verdict in his favor. Thereupon the court sustained the plaintiff's motion, and overruled the motion of defendant. Judgment was accordingly entered in favor of plaintiff for the amount of his claim. This appeal was then taken.

In Williams, Receiver, v. Vreeland, 250 U. S. 295, 298, 39 S. Ct. 438, 439, 63 L. Ed. 989, 3 A. L. R. 1038, it is said: "The established rule is: 'Where both parties request a peremptory instruction and do nothing more they thereby assume the facts to be undisputed and, in effect, submit to the trial judge the determination of the inferences proper to be drawn therefrom.' And upon review a finding of fact by the trial court under such circumstances must stand if the record discloses substantial evidence to support it." Citing Anderson v. Messenger (C. C. A.) 158 F. 250, 253; Beuttell v. Magone, 157 U. S. 157, 15 S. Ct. 566, 39 L. Ed. 654; Empire State Cattle Co. v. Atchison, Topeka & Santa Fe Ry. Co., 210 U. S. 1, 8, 28 S. Ct. 607, 52 L. Ed. 931, 15 Ann. Cas. 70; Sena v. American Turquoise Co., 220 U. S. 497, 501, 31 S. Ct. 488, 55 L. Ed. 559; American National Bank v. Miller, 229 U. S. 517, 520, 33 S. Ct. 883, 57 L. Ed. 1310; Mead v. Chesbrough Bldg. Co. (C. C. A.) 151 F. 998, 1002; American National Bank v. Miller (C. C. A.) 185 F. 338, 341.

Upon a review of the record we find that no error intervened in the admission or rejection of evidence at the trial below, and that the lower court's finding in favor of the plaintiff upon the motion for a directed verdict is supported by substantial evidence.

It appears that the Clydesdale was a co-operative apartment house built by the defendant company, and that the plaintiff was employed as a real estate agent to sell the apartments. According to the plan of organization the purchaser of an apartment in the building would receive common stock of the corporation, and an occupancy agreement would be issued to him representing the apartment purchased, and giving him, his heirs or assigns, a perpetual right of occupancy of the apartment represented by his stock.

Plaintiff testified at the trial that he had never purchased or received any stock representing Apartment No. 303, nor signed any note or contract in connection therewith, nor indorsed any such stock certificate, nor made any deposit covering such a purchase.

It also appeared in evidence that he had not occupied the apartment. Plaintiff furthermore testified that he had purchased Apartment No. 301 in the Clydesdale and had received a stock certificate for it, and had put up collateral for the deferred purchase-money note as all other purchasers did. But he denied that any such certificate had ever been sought by him or issued to him for Apartment No. 303. He stated that no claim was ever made against him by the company for any indebtedness because of that apartment until some time after he left the company, at which time he was making insistent demands for the payment of the balance of his commissions.

It appears that after plaintiff had ceased working for the company a paper in his handwriting was discovered in the files of the company's office, which indicated that plaintiff had at one time considered or contemplated the purchase of Apartment No. 303. But no delivery of this paper to the company was shown, nor any execution or performance of it by the parties. It was after the discovery of the paper, however, that the company first claimed that such a purchase had been made by plaintiff; and it was then also claimed by the company that the apartment had been taken from the sales list, thereby indicating that it had been sold.

We think it clear from a consideration and comparison of all the evidence that the finding of the lower court is, to say the least, sustained by substantial evidence, and the judgment is accordingly affirmed with costs.

Affirmed.