JEAN B. TOMPKINS, on Behalf of Herself and Other Stockholders of the 1165 FIFTH AVENUE CORPORATION, Plaintiff, *v.* HUGH E. HALE and Others, Defendants.

Supreme Court, Special Term, New York County, October 23, 1939.

*Leslie J. Tompkins*, for the plaintiff.

*Dean, King, Smith & Taylor* [*Philip S. Dean* and *Richard S. Holmes* of counsel], for the defendants.

HAMMER, J. Plaintiff moves for judgment on the pleadings, under rule 112 of the Rules of Civil Practice, on the ground that the denials contained in the answer raise no issue of fact and that the affirmative defenses are insufficient as a matter of law.

In the complaint plaintiff alleges that she is a stockholder of the defendant corporation and a tenant-owner of premises 1165 Fifth avenue, New York city, owned by it. The corporation was formed for the purpose of taking title to, controlling and operating the premises as a co-operative apartment dwelling. Prospective purchasers were induced to purchase stock in the corporation and enter into proprietary leases of apartments in the premises by the facts set forth in the prospectus, containing the organization plan, the stock purchase assent and the proprietary lease required to be executed by the tenant-owners. Plaintiff further alleges that she became a subscriber and a leaseholder, as did forty-nine other persons. In February, 1939, the directors of the corporation gave notice of a meeting called for the purpose of modifying the terms of the proprietary leases. At such meeting, over plaintiff's objection, a resolution was adopted providing that the directors and two-thirds of the stockholders may modify the terms of the proprietary leases. Plaintiff urges that this act is a threatened violation of her rights and that the resolution could only have been adopted upon the unanimous approval of all of the stockholder-tenants.

The answer puts in issue the construction placed by the plaintiff in her complaint.

Three separate defenses have been pleaded: (1) The charter, the by-laws of the corporation and all other documents referring thereto do not require unanimous consent; (2) paragraph " Third " of the proprietary leases vests the directors with power to enact resolutions for the termination of the leases; and (3) the leases provide for the conversion of the enterprise from a " wholly cooperative into a combined cooperative and business venture " by the action of the board of directors. Defendant urges that adoption of the resolution at the February, 1939, meeting was valid and that plaintiff as well as all other tenant-owners are bound thereby.

Both parties pray for declaratory judgment.

A question of law is, therefore, presented. It can be simply stated as follows:

Did the directors and two-thirds of the stockholders have the power to adopt the resolution giving each of the tenant-owners who requested it the proposed modification of the terms of the proprietary lease? Could the directors and two-thirds of the stockholders terminate a lease or did it require unanimous approval?

The resolution adopted at the special meeting provides for cancellation of the proprietary leases in twelve months by the tenant-owner, surrender of his or her stock to the corporate defendant, and by payment of charges fixed for rent, decorations and commissions.

The original plan of organization, the subscription agreement and the proprietary leases constituted the contract and fixed the rights of the parties. They must be. read together in order to determine the obligations of the contracting parties. (*Manufacturers Trust Co.* v. *Steinhardt*, 265 N. Y. 145.) The contract is explicit and provides specifically the events which will terminate a tenant-owner's lease. In certain instances the board of directors has been vested with authority to modify the contract. There is no provision in the contract which either expressly or impliedly authorizes the board or two-thirds of the stockholders to release or discharge a tenant-owner from the liability he or she assumed under the proprietary lease over the objection of any other stockholder-lessee.

The defendant has sought to accomplish this end by adoption of the resolution. It urges that the separate defenses it has pleaded are a complete bar to plaintiff's cause of action.

These defenses have been enumerated herein. The first defense is without merit. All of the stockholders, by their original contract, have " limited their respective rights and powers." (*Clark* v. *Dodge*, 269 N. Y. 410; *Ripin* v. *United States Woven Label Co.*, 205 id. 442, 448.) In fact, the relationship between the tenant-owners in the present case is in effect a partnership for the mutual benefit of the co-operative owners expressed in corporate terms. (*Penthouse Properties, Inc.*, v. *1158 Fifth Avenue, Inc.*, 256 App. Div. 685.) The original contract, having fixed the rights and obligations of the parties, could not be modified without the unanimous consent of all the parties to it.

The second separate defense to the effect that paragraph " Third " of the proprietary leases vests the directors with power exercised is not a defense to the plaintiff's action. Paragraph " Third " of the leases provides for termination thereof by resolution of the board of directors upon certain specified conditions, to wit, (a) lessor corporation acquiring all of stock owned by proprietary lessee; (b) lessee ceases to be the owner; (c) lessee fails to pay his

rent; (d) assignment of lease without consent; (e) bankruptcy or other insolvency of the lessee; and (f) default in performance by lessee.

It will be observed that the foregoing provisions contemplate a termination of a lease by reason of the tenant's default. It does not authorize the directors to modify a leasehold because a tenant desires this accomplished. To hold otherwise would be to place a burden upon tenant-owners who remain in possession of their respective apartments after cancellation of a lease pursuant to the adopted resolution. Under the original leases the tenant-owners, although in default, remain liable for any deficiency. (Paragraph Second [1].) The adopted resolution would relieve the tenant and place his responsibility on the remaining tenants.

Defendant by the third separate defense alleges that the lease provides for the conversion of the enterprise from a wholly co-operative to a combined co-operative and business venture by action of the board of directors acquiring the stock of the tenant-owners. It is urged that the plaintiff and all tenant-owners intended the contract to be so construed.

This contention is not substantiated by an examination of the several documents composing the original contract. In fact they distinctly and specifically show that the parties intended that the enterprise be a " 100% cooperative plan." The contract was entered into by the parties with the view of restricting the ownership, control and management. Each tenant-owner was entitled to strict compliance with the terms of the agreement. The defendant did not have a right to change the manner of terminating ownership unless all stockholder tenants gave their assent to the plan. Under the circumstances I conclude that the defendants' defenses are insufficient in law, and accordingly award judgment to plaintiff on the pleadings. Settle judgment.