JAMES F. CURTIS, Landlord, v. JOSEPH LE MAY, Tenant.

Municipal Court of the City of New York, Borough of Manhattan, November 1, 1945.

*Richard H. McCann* for landlord.

*Charles Segal* for tenant.

McNULTY, J. Because of the unusual nature of this summary proceeding I deem it advisable to set forth the facts at some length. In July of 1944 the 430 East 57th Street Corporation was the owner of the premises at 430 East 57th Street. On

July 26th it conveyed these premises to the Bankers Trust Company, and the latter conveyed the premises to the 432 East 57th Street Corporation by deed on the 18th of September, 1944. It was testified during the course of the trial that this latter corporation, hereinafter referred to as the 432 Corporation, was formed to operate a 100% co-operative apartment building.

On September 29, 1944, one Edward H. Ahrens purchased 220 shares of the 432 Corporation, which represents 2% of all the authorized shares, together with a $600 debenture of that corporation. At the same time the corporation entered into a ten-year proprietary lease, so-called, with him for apartment 12A in the building known as 430 East 57th Street. By stipulation contained in that lease Ahrens took subject to the rights of the then occupants of the aforesaid apartment 12A. A day or so after the signing of this so-called proprietary lease the 432 Corporation assigned to Ahrens a lease which its predecessor, 430 Corporation, had entered into with one Joseph Le May. Le May was then in possession of the premises, and his lease, which Ahrens' proprietary lease was subject to, had until the 30th of September, 1945, to run. Prior to this transaction Le May had declined to participate in this co-operative venture.

On June 28, 1945, Ahrens assigned the proprietary lease of apartment 12A, the 220 shares of stock in the 432 Corporation and the debenture in that corporation, together with the lease between the 430 Corporation and Le May to James F. Curtis, the petitioner in these proceedings. This assignment and transfer were approved by two thirds of the board of directors of the 432 Corporation as required by the by-laws of that corporation. At about that time Curtis had a telephone conversation with Le May, the tenant in possession, which the court accepts as sufficiently proven, in which Curtis told Le May he had purchased the Ahrens' interest in the premises and proposed to move in on or about October 1, 1945. Curtis further stated that he would be willing to allow Le May a few extra weeks to move out if Le May required them, as he did not require the premises on the first. At about the same time proceedings were commenced before the rent control officials of the Office of Price Administration, and as a result of these proceedings a certificate was issued permitting Curtis to commence a dispossess proceedings in accordance with the requirements of local law under subparagraph (i) of paragraph (2) of subdivision (b) of section 6 of the Rent Regulation for

Housing in the New York City Defense-Rental Area (8 Fed. Reg. 13918). This certificate authorized the bringing of an action solely for the purposes of occupancy by James F. Curtis but such proceedings were not to be commenced prior to September 30, 1945.

After Ahrens had made his purchase of the stock, proprietary lease, etc., in September, 1944, Douglas L. Elliman & Co., Inc., the agent of the 432 Corporation and Ahrens, sent bills to Le May for the rent. On the face of these bills there appeared the statement " For the account of Mr. Edward H. Ahrens ". During the summer of 1945 the said agent, Elliman, showed Le May one or more apartments which were available for October 1st occupancy and at a similar rental which he declined to accept. Le May has held over and continues to occupy this apartment 12A at the premises 430 East 57th Street during the month of October, 1945, and has duly tendered his check for the rent, which has been returned to him. This proceeding was commenced by service of a precept and petition on the first of October, 1945, and came on to be tried by the court and a jury. At the end of the case the jury was discharged since there were no questions of fact to be determined by it, the sole question being one of law.

The question of law to be determined in this action has never been decided heretofore in this State, nor so far as this court can learn in any other State. In view of the certificate of the Office of Price Administration and the manifest good faith of Curtis there is no other issue but his right to be considered a landlord-petitioner in a summary proceeding. In the only prior case in this jurisdiction in which a co-operative apartment was involved, the corporation itself was the landlord-petitioner. (*542 Morris Park Avenue Corp.* v. *Wilkins,* 120 Misc. 48.) That was in accordance with subdivision 1-a of section 1410 of the Civil Practice Act. This subdivision has since been repealed (L. 1939, ch. 356) and hence these decisions are not binding on this court. In the present situation, by virtue of the rent control regulations, it is manifestly impossible for any corporation to bring any summary proceedings on the ground that it seeks the premises for its own use. Here the premises are sought for the use of Curtis who intends to occupy them as his residence, and who the Office of Price Administration rent control authorities have certified may proceed in the action. This certificate is not determinative of the question here presented, that is, whether or not under these circumstances Curtis is a landlord.

Obviously, if Curtis and Le May were merely lessees of the 432 Corporation, the former to succeed the latter at the expiration of the latter's term, he, Curtis, would have no right to bring these proceedings. (*Eells* v. *Morse,* 208 N. Y. 103.) However, in a co-operative apartment, a person desiring to become a resident must acquire such shares of stock in the corporation as are apportioned to the apartment which he desires to occupy before he can secure a lease. In addition and most important such acquisition and occupancy must be approved by two thirds of the board of directors or stockholders of that corporation before such person secures any rights whatsoever. In this case, furthermore, when Ahrens purchased his shares of stock and became the possessor of this proprietary lease, which transaction was approved by the board of directors, the 432 Corporation thereupon assigned the lease of the tenant in possession to him, and thereafter the rent was collected for his account. In substantiation thereof this corporation assigned to this new stockholder all their rights and interest in this particular apartment for a period of ten years. Does this not make him considerably more than a mere lessee? As the late Judge LEHMAN said in *542 Morris Park Avenue Corp.* v. *Wilkins* (120 Misc. 48, 51): " In a corporation organized under a co-operative ownership plan  *  *  *  the stockholders are in effect regarded as the owners of the rooms occupied or to be occupied by them ".

It seems clear therefore that a person standing in the position of Curtis in this action is more of an owner-lessee than the mere lessee in a succeeding lease. By the assignment of all rights of the 432 Corporation to him, including Le May's lease, he stands in the position of the landlord-lessor and acquires all of that entity's rights. The requirement of attornment has disappeared from the law of this State. (See Real Property Law, §§ 223, 248; *Commonwealth Mortgage Co.* v. *De Waltoff,* 135 App. Div. 33.)

Therefore it seems to me that this situation justifies a determination that Curtis is a landlord insofar as necessary to sustain the " conventional landlord and tenant relationship " that is an essential requirement to the maintenance of a summary proceeding in this court.

Final order for the landlord granting possession of these premises. Five days' stay.