## ABBOT et al. v. BRALOVE et al.
### No. 10113.

United States Court of Appeals
District of Columbia Circuit.

Argued April 20, 1949.

Decided June 27, 1949.

Mr. Spencer Gordon, Washington, D. C., with whom Miss Eleanor Sessoms, Washington, D. C., was on the brief, for appellants.

Mr. Leo A. Rover, Washington, D. C., for appellee Broadmoor Co-operative Apartments, Inc., and all other appellees except Bralove and Ernst.

Messrs. John J. Carmody, William E. Furey, and Jo V. Morgan, Jr., Washington, D. C., were on the brief for appellees Bralove and Ernst.

Before EDGERTON, WILBUR K. MILLER, and PRETTYMAN, Circuit Judges.

EDGERTON, Circuit Judge.

This suit was brought by tenants in the Broadmoor Apartments against (1) their lessors, (2) a Delaware nonstock cooperative corporation, Broadmoor Co-operative Apartments, Inc., to which the lessors sold the building, and (3) members of this corporation, who made "perpetual use and equity contracts" with it for particular apartments. The tenants sought a declaratory judgment that the District of Colum-

bia Emergency Rent Act entitled them to keep the apartments they had leased. The defendants moved for summary judgment. The District Court granted the defendants' motion on December 23, 1948, and the plaintiffs appeal.[1]

When judgment was rendered the District of Columbia Emergency Rent Act permitted a "landlord", as defined, to oust a tenant if "the landlord seeks in good faith to recover possession of the property for his immediate and personal use and occupancy as a dwelling * * *."[2] The first question is whether a member of a cooperative apartment-house corporation who wanted to occupy an apartment was, as the District Court held, a "landlord" within the meaning of the Act.

An amendatory Act approved April 19, 1949, § 4, Pub.L. 45, 81st Cong., 1st Sess., answers that question and raises another. It adds after "dwelling", in the phrase we have quoted from the Act, a colon and the following:

"*Provided,* That in the case of housing accommodations in a structure or premises owned or leased by a cooperative corporation or association no such action or proceeding * * * shall be maintained *unless* stock or membership in the cooperative corporation or association has been acquired by persons who are or were *tenants in occupancy of at least 65 per centum of the dwelling units* in the structure or premises at the time said cooperative corporation or association either (1) acquired or leased said structure or premises, or (2) entered into a contract or option to acquire or lease said structure or premises, whichever date is earliest, and who as such stockholders or members are entitled to possession of their respective dwelling units in the structure or premises by virtue of proprietary leases or otherwise, and this provision shall apply whether such corporation or association acquired or leased such structure or premises or entered into a contract or option to do so prior to or *after the effective date of this amendatory Act or unless* as the holder of stock or membership acquired in the cooperative corporation or association *prior to March 1, 1949,* a stockholder or member was entitled to possession of a dwelling unit in the structure or premises by virtue of a proprietary lease or otherwise." (Emphasis added.)

This amendment, which limits the right of a member of a cooperative corporation to oust a tenant, by clear implication recognizes the existence of that right. It shows that a member of a cooperative was a "landlord" within the meaning of the Act before the amendment and remains one, with restricted rights, after the amendment. Since the restrictions had not been enacted when the District Court's judgment was rendered, it was right. But we must consider whether the judgment, if rendered now, would be erroneous because there is no evidence that 65 per cent of the Broadmoor tenants became members of the cooperative.[3]

The answer turns upon the question whether the amendatory Act requires compliance both with the long "unless" clause and with the shorter "or unless" clause before a member of a cooperative can oust a tenant. We think this was not the intention of Congress. The amendatory Act became law April 19, 1949. If both clauses must be complied with, the words "prior to March 1, 1949," in the shorter clause prevent the words "after the effec-

---

[1] The judgment of the District Court is in accordance with decisions of the Municipal Court of Appeals in other cases. Hicks v. Bigelow, D.C.Mun.App., 55 A.2d 924; Glennon v. Butler, D.C.Mun.App., 66 A.2d 519.

[2] § 5(b) (2), 55 Stat. 788, 791, as amended, D.C.Code (1940) Supp. VI, § 45—1605(b) (2).

[3] "We have power not only to correct error in the judgment under review but to make such disposition of the case as justice requires. And in determining what justice does require, the Court is bound to consider any change, either in fact or in law, which has supervened since the judgment was entered." Patterson v. Alabama, 294 U.S. 600, 607, 55 S.Ct. 575, 578, 79 L.Ed. 1082.

tive date of this amendatory Act" in the longer clause; from having any effect, or application in any circumstances we can think of. Since Congress must have intended those words to have some effect; it cannot have intended to require compliance with both clauses. To put the argument differently, if compliance with both clauses were required no member of a cooperative organized after March 1, 1949, could oust a tenant, even if 65 or 99 per cent of the tenants became members. The words "after the effective date of this amendatory Act" show that such a construction would defeat the intention of Congress.

 We conclude that the amendatory Act means; a member of a cooperative cannot oust a tenant unless either (a) 65 per cent of the persons who were tenants at whatever time ("prior to or after the effective date of this amendatory Act") the cooperative acquired or contracted to acquire the property, have become members, or (b) the member acquired his right to an apartment before March 1, 1949. Legislative history supports this conclusion. Mr. Harris of the Committee on the District of Columbia said on the floor of the House of Representatives: " * * * the committee included the provision that was provided in the national act a year ago when it was extended, that is, that 65 per cent of the tenants in any apartment might join together and thereby form a cooperative on any apartment building. * * * Any cooperative that is already organized * * * does not come under the provisions of this bill. It applies only to those projects that will be formulated on March 1, 1949, or after." [4] In other words if a cooperative meets the percentage requirement a member need not meet the March 1 deadline, and if the member meets the deadline the cooperative need not meet the percentage requirement.

Affirmed.

[4] 95 Cong. Rec. 2925. Cf. 95 Cong. Rec. 4264, 4265 (Conference Report). The 1948 amendment of the national Housing and Rent Act contains a 65 per cent clause but not the same alternative clause that we are construing. Act of March 30, 1948, Pub.L. 464, § 204(a), 50 U.S.C.A.Appendix, § 1899(a). Cf. Woods v. Petchell, 8 Cir., 175 F.2d 202.