**PSARAKIS et al. v. DUKANE, Inc.**

No. 1124.

Municipal Court of Appeals for the District of Columbia.

Argued Oct. 16, 1951.

Decided Nov. 27, 1951.

Benjamin B. Brown, Washington, D. C., with whom Samuel B. Brown and Nathan M. Brown, Washington, D. C., were on the brief, for appellants.

Henry H. Brylawski, Washington, D. C., with whom Paul F. Interdonato, Washington, D. C., was on the brief, for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CAYTON, Chief Judge.

Appellants sold a restaurant business to Dukane, Inc., and as part of the transaction leased to Dukane for a ten year period the entire building in which the restaurant was located. The total consideration for the lease was $37,800 payable in monthly installments of $315. The lessee paid such rental for three months and then stopped. Lessors sued for possession for non-payment of two months rent. Lessee defended on the ground that it had entered into the lease on plaintiffs' representation that rentals from two second floor apartments in the building would amount to $130 per month, whereas the maximum rent ceiling fixed thereon by the Rent Administrator amounted to only $75, a difference of $55 per

month. Lessee asked the court to reform the lease "so as to offset the amount of $55.00 per month against the stipulated rental charge of $315.00 per month resulting in a rental charge of $260.00 per month for use of the said premises."

The case was tried without a jury and the trial judge filed findings of fact and conclusions of law. He found that the signing of the lease was not based on fraudulent representations by the plaintiffs but that there was a mutual mistake of a material fact as to the amount of rent that could be collected legally for the apartments. He went on to say "The Municipal Court is unable to rescind or reform this contract because the amount involved in the counterclaim for equitable relief is more than Three Thousand Dollars ($3,000.00)." He ordered judgment for the plaintiffs for possession for non-payment of $520 representing two months rent less a deduction of $55 per month for each of said months. The effect of the judgment was to reduce the monthly rental under the lease from $315 to $260. The case is here on lessors' appeal.

The judgment must be reversed on jurisdictional grounds. We think it plain that by its judgment the court below granted reformation of a lease in an amount and to an extent in excess of its jurisdictional limitation of $3000 fixed by Code 1940, Supp. VII, § 11–755.

There is no question that the Municipal Court has certain equitable jurisdiction. Klepinger v. Rhodes, 78 U.S.App. D.C. 340, 140 F.2d 697, certiorari denied 322 U.S. 734, 64 S.Ct. 1047, 88 L.Ed. 1568; Paley v. Solomon, D.C.D.C., 59 F.Supp. 887; Ridgley v. United States, D.C.Mun.App., 45 A.2d 475, 73 W.L.R. 1069. But this, like its law jurisdiction, is limited to disputes within its statutory authority, i. e., those in which the amount involved does not exceed $3000. And such limitation applies not only to original claims but also to counterclaims and cross-claims. Hillyard v. Klein, D.C. Mun.App., 64 A.2d 759, 77 W.L.R. 510. Simple arithmetic tells us that by reducing the monthly rental from $315 to $260, the trial judge has so reformed the lease as to make lessee's total payments for the ten year lease period $6600 less than that contracted for. This is more than double the jurisdiction of the Municipal Court. Though the judge conceded his lack of jurisdiction and seemingly disavowed any intention to exercise it, such is the inescapable effect of his decision. For if the judgment were allowed to stand it would be res judicata in any future actions based on the same issues, whether brought in the United States District Court, Geracy, Inc. v. Hoover, 77 U.S.App.D.C. 55, 133 F.2d 25, 147 A.L.R. 185, or in the Municipal Court. Thus it requires no further elaboration to demonstrate that the judgment was entered without jurisdictional authority.

Appellee cites our decision in Lalekos v. Manset, D.C.Mun.App., 47 A.2d 617, 74 W.L.R. 725, where there was a claim for credit of $50 per month for landlord's failure to deliver possession of the entire premises. There, however, no jurisdictional question was presented or involved since the lease ran for only three years and the total of defendant's recoupment could not have been more than $3000.

Reversed with instructions to dismiss defendant's counterclaim without prejudice and to enter judgment for plaintiffs for possession, for non-payment of $630, rent due for May and June, 1951.

Judge CLAGETT sat during the argument of this case, but died before it was decided.