## 1915 16TH ST. CO-OP. ASS'N v. PINKETT.
### No. 1090.

Municipal Court of Appeals for the
District of Columbia.

Argued Aug. 27, 1951.

Decided Sept. 19, 1951.

Reargued On Rehearing Nov. 14, 1951.

Decided Dec. 14, 1951.

Herman Miller, Washington, D. C., for appellant.

Frank D. Reeves, Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD, and CLAGETT, Associate Judges.

CAYTON, Chief Judge.

A co-operatively owned apartment house sued one of its member-tenants for possession of an apartment, charging that he owed three months rent under his lease. He denied the charge and the trial court ruled in his favor. Plaintiff brings this appeal. No brief has been filed by counsel for appellee, hence we do not know what position he takes on this appeal. But the issues are revealed in the pleadings, evidence, and documentary exhibits, and in a memorandum of the trial judge on which the decision was based.

Defendant John R. Pinkett, Jr., on July 17, 1950, entered into a "contract to purchase co-operative apartment" from plaintiff at an agreed price of $7950. Under the terms of the contract he made an initial deposit of $90 and agreed to pay $410 more to make up a $500 settlement figure. The agreement provided for payments of $90 per month, made up as follows: $54.50 on account of the deferred purchase money, $25 for maintenance, and $10.50 on a note of $386.50 which Pinkett gave to complete the settlement. The purchase agreement recited that at settlement Pinkett was to receive a certificate of ownership and a "proprietary lease" under which he was to have the right to "own and use" the apartment "as long as he remains a member of the association and abides by all the terms of this contract." On the same day a "proprietary lease" was signed by the parties running in favor of Pinkett for 99 years. Among the provisions of the lease was one authorizing the termination thereof "in case the Lessee shall default in the payment of any obligation required hereunder, or of

any installment thereof." The same article of the lease also provided that upon termination the lessor would have the right "to reenter the demised premises and to remove all persons and personal property therefrom, either by summary dispossess proceedings or by any suitable action or proceeding at law * * * and to repossess the demised premises in its former state as if this lease had not been made."

Mr. Pinkett took possession and made two monthly payments of $90 each for July and August 1950. He has paid no more but has continued in default and in possession of the apartment.

In December 1950, plaintiff-owner brought this suit for possession in the Municipal Court alleging that Pinkett was in possession under a leasehold and was in default of payment of rent for the three months from September 17 to December 16. In his answer defendant denied that he was a tenant of plaintiff and denied being in default.[1] The trial court in a written memorandum found that there was no intent on the part of plaintiff and defendant to create the relationship of landlord and tenant, that the contract was one for the purchase of an apartment and that the monthly sums payable by defendant were not rent but were payments on account of the purchase. The judge also ruled that there was in form a landlord-tenant relationship but that in substance defendant was the owner of the apartment with the "exclusive right to personal, perpetual use thereof as a dwelling," and that as between defendant and the other occupants in the building the relationship was in effect a partnership for their mutual benefit.

In testing the correctness of these rulings we must look to the transaction as a whole, to the writings between the parties, to the circumstances under which they were made, and to the matters with which they deal, and thereby determine the intent of the parties and the status they created.

The evidence discloses that defendant's right to possession was based initially on his purchase agreement, but more directly on his "proprietary lease." Undoubtedly

the purchase agreement vested in him some of the attributes of an owner or landlord. This has been recognized in this jurisdiction, the courts holding that a member of a co-operative apartment house corporation may, when he desires possession for his own use, sue as a "landlord" under the local Rent Act and maintain a possessory action against a tenant who refused to yield an apartment to him. Abbot v. Bralove, D.C. D.C., 81 F.Supp. 532, affirmed 85 U.S.App. D.C. 189, 176 F.2d 64; Glennon v. Butler, D.C.Mun.App., 66 A.2d 519; Hicks v. Bigelow, D.C.Mun.App., 55 A.2d 924. But none of these cases held that the "landlord" status of such a co-operative member was his only legal status. On the contrary, they all were confined to a situation where a co-operative member was suing a tenant in possession.

What then is the status of a purchaser-lessee like this one who has defaulted in his payments to his co-operative corporation? We think the answer is clearly to be found in the lease between them. There it is provided, as we have already seen, that the lessee's right to possession is lost if he defaults in the payment of any installments due and that the lessor is expressly given the right of reentry. As applied to the facts of this case, we can think of no practical difference between this and conventional lease agreements. What it amounts to is that the lessee is given the right of occupancy so long as he does not default in his monthly payments, but that when default occurs the co-operative corporation has the right to terminate the lease. This right of termination has been recognized even in New York where some courts have treated such a relationship as in effect a partnership. Tompkins v. Hale, 172 Misc. 1071, 15 N.Y.S.2d 854, affirmed 259 App.Div. 860, 20 N.Y.S.2d 398.

We have concluded that the plaintiff had a right to maintain the suit, that defendant's right to possession derived from the lease, and that by his default under the lease such right has been lost. Accordingly, the Municipal Court is instructed to enter judgment for plaintiff for possession.

---

1. He also filed a counterclaim for overcharges of rent but such claim was disallowed and is not involved on this appeal.

Defendant may still wish to redeem his lost rights by bringing his payments up-to-date. If so we assume that the trial court would entertain an appropriate motion filed by him, accompanied by a tender of all payments in arrears together with interest and costs. See Trans-Lux Radio City Corp. v. Service Parking Corp., D.C.Mun.App., 54 A.2d 144.

Reversed.

## On Motion for Rehearing

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.[1]

CAYTON, Chief Judge.

Appellee filed a motion for rehearing and pursuant to our order oral argument has been had thereon.

Appellee's first contention is that there was no landlord-tenant relationship between him and his cooperative. He claims that the real agreement between the parties was evidenced by the antecedent contract of purchase. We cannot agree that this is so. As we said in our opinion, "we must look to the transaction as a whole, to the writings between the parties, to the circumstances under which they were made, and to the matters with which they deal, and thereby determine the intent of the parties and the status they created." We repeat that while defendant's right to possession was based initially on his purchase agreement, the terms of his occupancy were more directly specified in the proprietary lease he signed. That lease cannot be read out of the case. It is true, as we said in the opinion and as has been said in other cases there cited, that as between such a lessee and a tenant in possession who refuses to yield the apartment to him, he would have a right to sue for possession. Thus as between him and such an outside person, he has "most of the attributes of an owner." Hicks v. Bigelow, D.C.Mun.App., 55 A.2d 924, 926. But as between his fellow cooperative members and himself his right to possession is by no means absolute or in-

terminable. His right to continuing possession depends upon his continuing performance under his contract and lease. And the right of the cooperative to terminate the lease for his default is clearly reserved. As we have said, even in New York where some courts have treated such a relationship as in effect a partnership it has been clearly recognized that a cooperative has the right to terminate a lease upon the purchase tenant's default. Tompkins v. Hale, 172 Misc. 1071, 15 N.Y.S.2d 854, affirmed 259 App.Div. 860, 20 N.Y.S.2d 398.

We must adhere to our previous ruling that there was a default under the lease and that by reason of such default the cooperative had a right to sue for and recover possession.

Appellee says that the appellant (the suing cooperative) did not prove that he had defaulted in the payment of rent according to the terms of the lease and that "obligations other than rent" were included in the monthly payments, and that under our decision the trial court is "precluded from granting a motion by appellee for redemption of his lost rights." In this respect appellee is crying before he is hurt. What we said was, "Defendant may still wish to redeem his lost rights by bringing his payments up-to-date. If so we assume that the trial court would entertain an appropriate motion filed by him, accompanied by a tender of all payments in arrears together with interest and costs. See Trans-Lux Radio City Corp. v. Service Parking Corp., D.C.Mun.App., 54 A.2d 144." We did not dictate or even suggest how the trial court was to compute the amount of "payments in arrears." Appellee will have full opportunity to satisfy the trial court that part of plaintiff's claim of rent in arrears is not justified under the lease or otherwise. But it is difficult to understand the claim he now advances that he is not in arrears when there was no question throughout the trial that he had made only two monthly payments of $90 each and had

1. This appeal was originally submitted to and decided by Judges Cayton, Hood and Clagett. Thereafter appellee filed a motion for rehearing which was set for oral argument. In the meantime, Judge Clagett died and the reargument was had before the present three judges of the court, named in the caption

paid nothing for the three months from September 17, 1950 to December 17, 1950. (On the argument of this motion before us, it was conceded that though he remained in possession, he has paid nothing during the ensuing twelve months.)

Appellee now complains that under our decision he has lost his right to prosecute his counterclaim for rent overcharges under the rent act or to assert an "equitable defense based on the same claim." The short answer is that such result, if it exists, has been brought about by appellee's own inaction. The trial court disallowed plaintiff's claim for possession and also entered judgment in favor of plaintiff on defendant's counterclaim. Plaintiff appealed; but defendant filed no cross-appeal from the disallowance of his counterclaim. Nor did he file a brief in this court. Hence it was entirely accurate to say, as we did, "He also filed a counterclaim for overcharges of rent but such claim was disallowed and is not involved on this appeal." Even if we now had the power to do so, we see no reason to reinstate a counterclaim, the disallowance of which has not been contested by cross-appeal and was never mentioned in this court until raised for the first time on motion for rehearing.

Appellee holds up to us the "catastrophic consequences to the many other cooperative projects which in recent years have been established in this jurisdiction." He also says that other cooperative members will lose their right to maintain similar defenses. There is no reason for such apprehension. Under the decision we have rendered, no cooperative-lessee or member has lost any of his rights by way of defense or otherwise. If any such party be sued for possession, there is nothing in the opinion we have rendered which will prevent him from asserting any "equitable defenses" or other proper defenses by way of counterclaim, recoupment or otherwise, so long as they are asserted in due time and are within the jurisdiction of the Municipal Court. See Psarakis v. Dukane, Inc., D.C. Mun.App., 84 A.2d 543. And certainly we have said nothing which would preclude such a party from taking any appropriate action in the United States District Court if the subject matter falls within that juris-diction. All we have said in this connection is that because this appellee noted no cross-appeal from the judgment disallowing his counterclaim, such counterclaim was not involved on the appeal before us. We think our former opinion should stand.

HOOD, Associate Judge (dissenting).

I joined in the original opinion in this case, but on further study I have concluded that such opinion was erroneous. I am now convinced that the Landlord and Tenant Branch of the Municipal Court had no jurisdiction to render a judgment for possession of the apartment.

The statute, Code 1940, § 11–735, provides summary remedy for possession of real estate in a definitely limited class of cases. Aside from cases arising after sale under deed of trust or foreclosure of mortgage and cases of forcible entry and detainer (and obviously the present case falls in neither of those classes), the trial court may entertain suits for possession of real estate only in those cases where the conventional relation of landlord and tenant exists.

Whatever may be the exact relation between a corporation holding title to a cooperative apartment house and one to whom it has sold one of the apartment units, the relationship is far more than the conventional relationship of landlord and tenant. One who holds stock or other certificate entitling him to use of a cooperative apartment is generally said to have "purchased" the apartment, Wardman Const. Co. v. Flynn, 60 App.D.C. 357, 54 F.2d 831, and in effect is regarded as the owner of it. 542 Morris Park Ave. Corporation v. Wilkins, 120 Misc. 48, 197 N.Y.S. 625. It has been said that although the corporation holds legal title the entire equitable estate is distributed proportionately among the owners of the apartments and that ownership of an apartment constitutes an interest in real property. In re Pitts' Estate, 218 Cal. 184, 22 P.2d 694. This court has said that the purchaser of a cooperative apartment "is more than a mere tenant or lessee" and "has most of the attributes of an owner." Hicks v. Bigelow, D.C Mun.App., 55 A.2d 924.

The parties recognized this in their dealings. Appellee contracted to purchase a "Certificate of Ownership" which would "entitle him to the perpetual use and occupancy" of the apartment. Appellant agreed "to cause to be conveyed to the purchaser a right of perpetual use as evidenced by a Proprietary Lease." The contract, the certificate of ownership and the proprietary lease are not severable. They must be considered together. Appellant would have the court disregard everything but the lease and consider the case as nothing more than an ordinary landlord and tenant proceeding. The complaint alleges appellee has defaulted in payment of rent, but in fact appellee agreed to pay no rent. The transaction is not one of leasing property in exchange for payment of rent but in essence is a purchase or capital investment.

In my opinion the corporation may not bring an action in the landlord and tenant court to oust the owner from possession, treating him as a mere tenant and ignoring his rights under his contract of purchase and certificate of ownership. His right to possession was what he purchased and if such right is to be terminated then all the rights and obligations between the parties ought to be adjusted. This proceeding would leave the rights and obligations under the contract of purchase unsettled and unadjusted.

Appellant insists that cooperative apartments are not subject to the Emergency Rent Act, D.C.Code 1940, § 45–1601 et seq., and I am inclined to agree because I do not think the property is rental property. It seems to me that appellant wishes to have all the advantages of a landlord and none of the disadvantages. It may be that if appellant cannot resort to the landlord and tenant court in order to obtain possession of an apartment of a defaulting purchaser, appellant will be at some disadvantage; but having adopted the advantages of the cooperative plan, appellant must also assume any burdens that go with that plan.

In short, I think that before the corporation can take back that which it sold, all rights and obligations between the parties under the contract of purchase and the proprietary lease must be settled and that this cannot be done in a summary landlord and tenant proceeding.