The CLYDESDALE, INC., Appellant,

v.

John S. WEGENER, Appellee.

No. 10671.

District of Columbia Court of Appeals.

Argued Jan. 18, 1977.

Decided May 3, 1977.

---

Kenneth J. Loewinger, Washington D. C., for appellant.

Karl W. Carter, Jr., Washington D. C., for appellee.

Before GALLAGHER and HARRIS, Associate Judges, and PAIR, Associate Judge, Retired.

PAIR, Associate Judge, Retired:

On this appeal questions are presented respecting the right of a cooperative association to expel one of its members and to deprive such member of his financial interest in the association.

Appellant, a Delaware corporation,[1] owns and maintains at 2801 Adams Mill Road, N.W., in the District of Columbia, a cooperative apartment building. Appellee is a stockholder in the corporation and possesses, pursuant to an Occupancy Agreement, apartment 110 in that building.

By the terms of the agreement, appellee was required to occupy his apartment in accordance with the By-Laws and regulations of the corporation and to pay monthly the amount assessed by the Board of Directors as his share of the cost of operation and maintenance of the building. It was understood and agreed that upon default in payment of any such assessment the amount due would be treated as rent and that appellee would be treated as a tenant by sufferance in default in payment of rent.

Commencing in 1975 appellee was repeatedly delinquent in the payment of his monthly assessment. In addition there were complaints that he deported himself in a loud and abusive manner and made profane and obscene utterances in the public areas of the building to the annoyance of other members of the association. There were also complaints that he operated his sound equipment too loudly.

The Board of Directors considered the complaints against appellee at a special meeting on August 25, 1975.[2] At that time

---

1. Appellant represents that it qualified to operate a cooperative apartment in the District of Columbia. *See* D.C.Code 1973, § 29–841.

2. It appears that appellee received oral notice that the Board of Directors would consider the complaints against him at the August 25 meet-

it was developed that appellee was in default in the payment of charges assessed for the months of July and August and that the conduct complained of was violative of the Building Regulations of the corporation. The Board then adopted a resolution declaring appellee to be a tenant by sufferance and to have forfeited all right as a stockholder to a financial interest in the corporation and the appurtenant right to occupy the apartment involved. This action of the Board was made subject to Article IX of the By-Laws which provides under such circumstances for the resale of the apartment and repayment to appellee of the net proceeds of such sale.

On September 8, 1975, appellee was informed by written communication of the resolution of the Board of Directors and directed to surrender possession of apartment numbered 110 within 30 days. Appellee refused to vacate the apartment and appellant commenced an action for possession in the Landlord and Tenant Branch of the Superior Court. The trial resulted in a judgment for the appellee, and this appeal followed.

Appellant contends that since appellee failed to pay the charges assessed for his share of the cost of operation and maintenance and persisted in conduct violative of the Building Regulations of the corporation, the trial court erred in holding that appellee did not, by reason of such derelictions, become a tenant by sufferance. We disagree and affirm.

We begin by noting that cooperative associations are, in a sense, legal hybrids, and that disputes arising from the conduct of their affairs often present analytical difficulties. In this connection, it has been observed that:

A co-operative corporation is not a business corporation in the ordinary contemplation. It is a vehicle for the common ownership of property, to enable the occupants, the stockholders of the co-operative, to own, manage, and operate residential apartments without anyone profiting therefrom. The co-operative plan is sui generis; there are elements of ownership, as well as stock and leasehold rights. . . . [15A Am.Jur.2d *Condominiums and Co-operative Apartments* § 62 at 894 (1976) (footnotes omitted).]

We have held that the relationship between the operator of a cooperative apartment building and a stockholder-tenant is one of landlord and tenant, and that the right to continue in possession of any given unit depends upon compliance with the terms of the contract and lease. *1915 16th St. Co-op. Ass'n v. Pinkett,* D.C.Mun. App., 85 A.2d 58 (1951); *Valois, Inc. v. Thorne,* D.C.Mun.App., 86 A.2d 530 (1952). This is not to say, however, that the stockholder and ownership aspects of appellee's position may be ignored. *See 1915 16th St. Co-op. Ass'n v. Pinkett, supra* at 61 (Hood, J., dissenting).

In regards to appellee's failure to pay his maintenance fee assessed for two months, it is conceded that appellant did not follow the procedure prescribed in the By-Laws of the corporation. Article IX of those By-Laws provides:

. . . In case payment of the monthly charge for care and maintenance or of any assessment duly authorized by the Board of Directors is not made within thirty-five (35) days after the amount is due or the bill is rendered, the Board of Directors shall immediately cause to be posted in the United States Mail a prepaid registered letter signed by the President or Vice President and the Secretary of the corporation and addressed to such stockholder at his last known residence or address, which notice shall contain a copy of the resolution of the Board declaring such stockholder to be in default and to be a tenant by sufferance of the corporation, *and stating that if the amount due as aforesaid is not paid within twenty-four (24) hours the stockholder shall at the expiration of that time forfeit all*

ing, but was not informed of the time of the meeting. He represents that he ". . . appeared at the meeting but was informed that it

was over and that he could not state anything on his behalf."

*right to his stockholding interest in the corporation and to the occupancy of his apartment and shall be considered a tenant by sufferance until said apartment is vacated.* At the expiration of said twenty-four (24) hour period the Board of Directors shall immediately take possession of said apartment if possible to accomplish same peaceably and without legal proceedings, or if not said Board shall immediately proceed to take possession of said apartment by due process of law. . . . [Emphasis supplied.]

Specifically, appellee was never given the 24-hour grace period provided for by the By-Laws. We agree with the trial court's holding that appellant's failure to comply with its own By-Laws rendered both the August 25 resolution, and the September 8 order to vacate, ineffective.

Our review does not end here, however, since appellant urges that, apart from the alleged arrearages, appellee's behavior alone constituted grounds that would support both the Board's resolution and its subsequent order to vacate. The Building Regulations of the Clydesdale, established under the authority of the cooperative's By-Laws, provides:

> [Article I, Sec. 1.] The residents of The Clydesdale shall conduct themselves with decorum, dignity and manners consonant with its character as a respectable residential establishment for persons of consequence. Residents will not appear in the common areas of the building or on the grounds in scanty or disreputable costume or otherwise be of unkempt or bizarre appearance. Outrageous behavior and repeated lapses from good taste will not be tolerated.
>
> \*   \*   \*   \*   \*   \*
>
> [Article IV, Sec. 12.] Disturbing noises of every kind, including unduly loud oper-

ation of sound-making devices of any kind, are prohibited. . . .

If the allegations leveled against appellee are true, his behavior would seem to be of the type proscribed by the Building Regulations. Appellee points out, however, that unlike the By-Laws, the Building Regulations do not prescribe a procedure to be followed when such infractions occur. Particularly, they contain no specific provision that a stockholder-tenant may be compelled to vacate his apartment unit when he behaves in a proscribed manner. In the instant case, however, we need not decide whether the regulations can be construed to support the expulsion of appellee since the action taken by the Board did not comply with the relevant statutory notice and hearing requirements in this jurisdiction.

■ The resolution passed by the Board declared that appellee had "forfeited all right to his stockholding interest in said corporation." It was on the basis of this resolution that the Board then declared appellee to be a tenant by sufferance. D.C. Code 1973, §§ 29–801 *et seq.*, controls cooperative associations in the District of Columbia. Section 29–830 therein provides: [3]

> § 29–830. *Expulsion of members—Procedure—Purchase of holdings.*
>
> A member may be expelled by the vote of a majority of the members voting at a regular or special meeting. The member against whom the charges are to be preferred shall be informed thereof in writing at least ten days in advance of the meeting, and shall have an opportunity to be heard in person or by counsel at said meeting.

It is conceded that appellee did not receive written notice of the August 25 meeting. More importantly, he was given no opportunity to be heard when he attended the meeting.[4] Since the action of the Board did

---

**3.** It is true that appellant is incorporated in the State of Delaware, but this is not to say that foreign incorporation alone can insulate appellant from observation of the substantive rights guaranteed to appellee by our Code. We note that appellee argued at trial for the application of District of Columbia law, and that there were apparently no counter-arguments in favor

of the application of Delaware law by appellant. Furthermore, appellant has itself relied on D.C. Code 1973, §§ 45–901 *et seq.*, in support of its suit for possession of the unit.

**4.** The trial in the Landlord and Tenant Branch *did not provide appellee with a forum in which to answer the charges since it was a suit for*

not comply with procedural safeguards afforded appellee as a stockholder, either by its own By-Laws or D.C. Code 1973, § 29–830, it was ineffective to accomplish a forfeiture of his interest and provided no basis upon which his expulsion as a member could rest.

Finding no errors, we conclude that the trial court was correct in denying appellant the required relief.

*Affirmed.*

possession. While the record before us is scant, it appears that the trial court in its Findings of Fact restricted itself to a mere recitation of the charges that had been leveled against appellee.