## SECOND DEPARTMENT, OCTOBER, 1923.

FRANK M. TOMPKINS and Another, as Executors, etc., of STATES D. TOMPKINS, Deceased, Respondents, v. MILLER, TOMPKINS & COMPANY, Appellant.

APPEAL by the defendant from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of Kings on the 19th day of October, 1922, upon the verdict of a jury rendered by direction of the court after a trial at the Kings Trial Term, and also from an order entered on the 18th day of October, 1922, denying a motion for a new trial made upon the minutes.

PER CURIAM: At the end of the case the defendant moved for a dismissal of the first cause of action and for a dismissal of the second cause of action, and also for the direction of a verdict in favor of the defendant on its counterclaim. All of these motions were denied. The plaintiffs then moved generally for the direction of a verdict. This motion was granted and the jury were directed to find a verdict in favor of the plaintiffs for $48,920, with interest amounting to $10,539.95, making a total of $59,459.95. To this the defendant excepted. The evidence does not sustain the first cause of action for services. While there is evidence tending to support the second cause of action for an account stated, we have come to the conclusion that material evidence proffered by the defendant was erroneously rejected. The counterclaim interposed by defendant was evidently interposed pursuant to section 91a of the General Corporation Law.* This statute in

---

* Added by Laws of 1913, chap. 633.— [REP.

effect gave the Supreme Court equitable jurisdiction of actions that theretofore had been actions at law. The defendant offered evidence tending to support its counterclaim. It was entitled to show that Grant was not a stockholder in 1918 and 1919. Moreover, the respondents seek to sustain the judgment on facts that do not appear in the record. It is alleged but not proved that McKee bought the outstanding interest of Miller on February 20, 1921, and that the Miller action was thereafter discontinued on consent of all the parties, including the plaintiffs, the corporation and McKee. The alleged acquirement of this stock was before the issuance of the last statement of the corporation in evidence, tending to show that there was due the amount sued for by the plaintiffs. It may very well be that with these facts in the record the defendant might be estopped from making any claim as to the illegality of the salary voted. This is especially so if plaintiffs, on one side, owned part of the stock, and McKee, on the other side, owned the remaining stock. As was said in *Goss & Co.* v. *Goss, No. 2* (147 App. Div. 698; affd., without opinion, 207 N. Y. 742) the court will sometimes disregard the fiction of the separate entity of a corporation where justice requires it to be done, and will look to the merits rather than to the form. The judgment and order should be reversed on the law and a new trial granted, with costs to abide the event. Kelly, P. J., Manning, Kelby, Young and Kapper, JJ., concur. Judgment and order reversed on the law and new trial granted, costs to abide the event.