PAUL LAURENCE DUNBAR APARTMENTS, INC., Landlord, *v.* COLE-
MAN KEITH NELSON, Tenant.

Municipal Court of New York, Borough of Manhattan, Seventh District, April
5, 1930.

*James W. Johnson* [*Murray, Aldrich & Webb* of counsel], for the
landlord.

*Pope B. Billups,* for the tenant.

GENUNG, J. This is a summary proceeding brought to recover
possession of a co-operative apartment and for a judgment for the
monthly payments stipulated in a lease and subscription agreement
under which the tenant is in possession of such apartment. The
tenant has admitted his default with respect to the amount claimed

by the landlord to be due under the part of the agreement designated as the lease, but disputes the landlord's right to bring summary proceedings for the monthly installments applicable to the principal and interest due on his subscription for stock in the corporation which owns the apartment house, as called for by the other part of the agreement designated as the subscription agreement.

At the conclusion of the trial both parties moved for the direction of a verdict; the landlord for a final order awarding possession of the apartment, and judgment for the amount demanded in the petition, to wit, $254.20, which included both the monthly payments for " rent " as it is called in the agreement, and representing the tenant's proportionate share of the actual maintenance charges, as well as the monthly payments under the subscription agreement; while the tenant moved for a direction of a verdict in favor of the landlord, but only for the amount of $32.41, representing the " rent " as the tenant construes the instrument, for each of the months of January and February, 1930. Both sides having moved for a direction the case was submitted to the court for decision as a question of law.

The agreement between the parties is designated as a " lease and subscription " and the tenant is designated as the " tenant-subscriber " on the cover of the agreement. The agreement, while contained within one cover, is divided into two distinct parts, each of them separately executed and acknowledged by the parties.

At the very outset of the indenture it is provided that the lessee is to occupy apartment 1-A in the building known as No. 2816 Eighth avenue, for the term of two years, at the annual rental of $389 payable in equal monthly installments of $32.41, " subject, however, to the terms, covenants and conditions hereinafter set forth in this lease, and those contained in said subscription agreement." The subscription agreement calls for the payment of a total sum of $6,680 over a period of years in monthly installments, which installments at the time of the institution of this proceeding amounted to $49.01 per month. The landlord claims that the total of these two monthly payments of $32.41 and $49.01, respectively, aggregating $81.42, constitutes the true rental under this agreement between the parties, and that for the non-payment of any part of such aggregate amount, summary proceedings can be prosecuted. This construction of the agreement is based upon a reading of the entire agreement, and the implications of a number of provisions in the agreement, there being no express language designating the monthly payments under the subscription agreement part of the rent for the occupancy of the premises.

The covenant of quiet enjoyment, which is paragraph (3) of

article II, is conditioned upon the lessee "paying the rent and performing all the covenants and conditions to be performed by the lessee, as herein, and in said subscription agreement, set forth."

The covenant of payment by the lessee for his subscription, which is paragraph (1), article III, reads as follows: "That the Lessee will pay to the Lessor or its agents at its or their office in the City of New York, the rent hereinabove reserved in lawful money of the United States at the times hereinabove specified and will pay to the Lessor or its agents, at its or their office in the City of New York, in lawful money of the United States, all sums payable under the terms of said subscription agreement at the times provided in said subscription agreement, and will promptly comply with all of the other provisions of said subscription agreement."

In that part of the agreement which is denominated the subscription agreement it is provided that the times of payments on account of the subscription to stock are of the essence of the agreement, and that after the certificates of stock subscribed for are paid for and issued to the subscriber, they shall not be delivered to the subscriber "but shall be deposited with and retained by the owner as security for the performance by the subscriber of the provisions of the lease herein mentioned or of any renewal thereof, or of any new lease covering the apartment hereinafter referred to, and of this subscription agreement." The subscription agreement also provides as follows: "The rights and duties of the subscriber hereto, either as such subscriber or as a stockholder, shall at all times be subject to all the terms and conditions of the aforesaid lease and of this subscription agreement.

"If the Subscriber ceases to be a tenant in the said apartment building he must also cease to be the holder of or the subscriber to said shares of stock herein subscribed for."

Provision is made in the event of the failure by the tenant to renew his existing lease in accordance with the terms thereof, or in the event of such existing lease being made to expire by reason of any default of the subscriber as lessee under such lease, that such events shall "constitute an election by the subscriber to withdraw from the enterprise for which the owner was organized and thereupon the subscriber loses all rights in the stock subscribed for whether or not the same have been fully paid for, except to receive payments from the sale of the said shares of stock of an aggregate amount equal to the amount theretofore paid to the owner by the subscriber on account of the principal of the subscription price under the agreement."

There are a number of other provisions of the agreement between the parties, contained in both parts thereof, which together with

those already referred to indicate quite clearly the integration of the two classes of obligation of the lessee and subscriber, one for the payment of a specified amount monthly representing a proportionate share of the maintenance expenses, and another representing an installment of the purchase price of the apartment, to such an extent as to constitute the aggregate of such payments a condition precedent to the lessee's continued possession of the apartment. The language of the agreement in its several provisions indicates throughout that it was the intention of the parties that the tenancy could not survive the termination of the subscriber's beneficial ownership of his stock and that conversely his right to the beneficial ownership of such stock would terminate with the expiration of his tenancy of the apartment. The two parts of the instrument must be read together as one agreement, since their respective provisions are tied together by numerous clauses which render the obligations under each of them a condition to the enjoyment of rights under the other. While the payments required to be made under the subscription agreement are not expressly denominated as " rent " the implication of the various provisions is unmistakable that such payments were regarded by the parties as rent in the sense that without such payments possession of the leased premises could not be retained.

The tenant's contentions, aside from his literal reading of the agreement which expressly denominates as rent only the sum of thirty-two dollars and forty-one cents representing the maintenance charges, are (1) that the agreement does not provide that the monthly payments under the subscription agreement are in the event of default to be added to the rent, subject to the same remedies as for the non-payment of rent, referring to several other provisions of that character in the lease relating to repairs and other contingent charges that might arise; and (2) that the landlord's remedy under this agreement for default in the subscription payments is a holdover proceeding as for a breach of a conditional limitation rather than a summary proceeding for non-payment of rent.

The other clauses in the lease relating to payments made by the landlord which may be added to the rent and regarded as such, as a basis for summary proceedings, deal with charges and obligations that are uncertain, indefinite and contingent, and unliquidated in amount. They are dependent on future events, and may be the subject of controversy as to their propriety and amount. The subscription payment, however, is a definite, fixed amount, payable monthly as part consideration of the occupancy of the premises and represents what would have been ordinarily a constituent part of the rental value of the apartment.

The case of *Bixby* v. *Casino Co.* (14 Misc. 346), cited by the tenant, was a summary proceeding to dispossess the tenant for failure to pay taxes as provided for in the lease. The court said that " upon first impression it might seem that rent should be regarded as the entire consideration which a tenant pays to a landlord for the use of the demised premises, whether directly as rent proper, or indirectly and for his benefit in form of taxes and assessments." But the court found that upon the express language of the lease the right to summary proceedings was limited only to the case of a default in the payment of the rent reserved in the lease. In 1891 the law relating to summary proceedings had been amended by making a default in payment of taxes an additional ground for summary relief to the landlord. The court held that in view of that amendment the parties must be deemed, by the express language of their lease limiting the right of summary proceeding to a default in the non-payment of rent, to have excluded that right with respect to the non-payment of taxes. In this case, however, as will appear subsequently in a discussion of another question, the parties clearly intended that there should be an identical remedy in the event of non-payment of either of the two classes of fixed monthly charges.

The agreement provides for an earlier termination of the lease before the expiration of its term upon the happening of certain events enumerated in the several paragraphs under article I. It is there provided that at the option of the lessor, the lease " shall expire absolutely, on the date specified in a written notice given by the lessor to the lessee as hereinafter provided," upon the happening of certain events, one of which is expressed as follows in paragraph 4, under article I: " In the event that the Lessee shall default for a period of two months in the payment of any installment of rent reserved hereunder, or in the payment of any other sums which the Lessee is required to pay hereunder, or in the event that the Lessee shall default for a period of two months in the payment of any sum which the Lessee is required to pay under the terms of said subscription agreement."

It is argued on the basis of this clause that the landlord should proceed by notice to terminate the lease by way of a conditional limitation, rather than for non-payment of rent where there is a default in the subscription payments. However, a reading of the lease does not reveal any specific form of notice which might be served in order to terminate the lease by way of conditional limitation. Since it is conceded that the landlord may have summary proceedings for the non-payment of the fixed charges of thirty-two dollars and forty-one cents monthly and since the provision of the agreement just quoted provides for the same remedy in the event

of default in the payments under the subscription agreement as for the default in the payment of the other fixed monthly charge, it follows that the same procedure can be pursued with respect to both classes of payments, and that the statutory notice which precedes a summary proceeding for non-payment of rent is sufficient notice within the intention of the parties to serve as a basis for the termination of the lease for non-payment under the subscription agreement.

I, therefore, direct a verdict for the landlord for possession of the premises and for the sum of $254.20, credit to be given for the amount paid by the tenant into court without prejudice.