P. H. CARLYON, INC., Respondent, *v.* WALTER L. ROBERTS, Appellant.

County Court, Chautauqua County, October 3, 1946.

*Byron R. Woodin* for appellant.

*Robert N. Palmer* for respondent.

BODINE, J. Certain questions of fact bearing on the claimed tolling of the statute have been resolved in plaintiff's favor by the Trial Court and must therefore be considered as established for the purpose of this appeal, if warranted by the evidence. A significant finding is that the payments made by way of credits or otherwise, amounting to $563.68, and relied upon to toll the running of the statute, were not for services rendered defendant's corporation, as claimed by him, but were made to apply on the defendant's personal note in suit.

In view of this finding the question is whether these payments were made under such circumstances as to accomplish their claimed effect. In deciding this it should not be necessary to draw fine spun distinctions pertaining to the relationship existing between the defendant and the corporation. Concededly, in a general sense, they were two distinct entities, but one was the creation of the other and under his management and control and each knew what the other was doing as related to the matter in hand. The law recognizes there can be situations where there is identity between the individual and the corporation which he dominates and controls and where the court can look behind the scenes. (*Matter of Browning,* 175 Misc. 107; *Tompkins* v. *Miller Tompkins & Co.,* 207 App. Div. 819; *Ultramar Co., Limited,* v. *Minerals Separation* 126 Misc. 208.)

Under the facts here existent the question of agency does not arise or become an issue. To all intents and purposes the two were one and the acts of one were the acts of the other so far as these transactions were concerned. Here the payments were voluntarily made and were the act of the defendant or in pursuance of his consent or direction. They were made in pursuance of his own agreement and were the natural and reasonable sequence thereof. The Trial Court has found, in effect, that the payments were made on account of the debt which was the subject of the action and as a part of a larger debt and in recognition of a larger debt remaining unpaid. The evidence would appear to warrant such a finding and this without recourse to the oral conversations which the Trial Court may have erred in receiving, as contended by appellant. Under the general rules applicable the payments so made tolled the statute. (34 Am. Jur., Limitation of Actions, § 339; 37 C. J., Limitations of Actions, § 635; *McDonald* v. *McDonald*, 54 Hun 639, opinion in 7 N. Y. S. 935; *First Nat. Bank of Utica* v. *Ballou*, 49 N. Y. 155; *Crow* v. *Gleason*, 141 N. Y. 489.)

The judgment appealed from is affirmed, with costs.