HENRY T. SMITH, Appellant, *v.* SAMUEL FEIGIN et al., Respondents.

First Department, March 1, 1948.

*Paul D. Miller* of counsel (*Henry Root Stern, Henry Allen Mark* and *Mudge, Stern, Williams & Tucker,* with him on the brief; *Saul Hammer,* attorney), for appellant.

*Isadore B. Hurwitz* of counsel (*Harold H. Feigin,* attorney), for respondents.

VAN VOORHIS, J. This appeal concerns the right of the owner of a long term lease of space in an office building operated under the so-called " co-operative plan ", to recover such space from a statutory subtenant of his assignor, on the ground that he requires such space for his own immediate and personal use. (Business Rent Law, § 8, subd. [d]; L. 1945, ch. 314; as amd. by L. 1946, ch. 273.)

Doctors' Owning Corporation has the legal title to the said building, which is located at 115 East 61st Street, borough of Manhattan, New York City, and is used exclusively for doctors' offices. Appellant is an ophthalmologist, who, in May, 1946, returned from service in the armed forces. In searching for a place in which to resume the private practice of his profession, he discovered that an office in this building was available which, in 1929, had been rented to Dr. Henry Robertson Skeel, who died in 1944. Appellant took an assignment of this lease from Dr. Skeel's executor at an agreed purchase price of $15,000, of which he immediately paid the sum of $6,000 in cash. This transaction occurred December 12, 1946. On August 25, 1944, Skeel's executor had sublet the same office space to Dr. Samuel Feigin, respondent on this appeal, and another doctor who has vacated the premises, for a term of one year from October 1, 1944, through September 30, 1945. Respondent has been a statutory subtenant since the expiration of said sublease on September 30, 1945.

This is a summary proceeding commenced in the Municipal Court by appellant under his title as assignee of the Skeel lease, to dispossess respondent. The Municipal Court issued a final order dispossessing respondent; the Appellate Term reversed that order and dismissed the proceeding.

Under the Business Rent Law, appellant could not recover possession, even for his own immediate and personal use, if his status were that of a mere lessee of Doctors' Owning Corporation, since he would be unable to comply with the requirements of paragraphs (1), (2) and (3) of subdivision (h) of section 8 of the act, which limit the institution of dispossess proceedings by lessees.

On the other hand, appellant is entitled to oust respondent under subdivision (d) of the same section, if he can establish that he has acquired '' title to the building or other rental area '' and that he '' seeks in good faith to recover possession of the business space for his immediate and personal use '', provided that he has '' an equity in the property of not less than twenty-five per centum of the purchase price ''. It is undisputed that he is the proprietor of the business which he proposes to conduct in the said space, and that he paid more than 25% of the purchase price of the co-operative lease.

Appellant contends that, although not the owner of the whole building, he is the owner of a '' rental area '' consisting of this particular office space. It has been held that the words '' other rental area '' include space in a building (*Reed* v. *Bell & Co.*, 188 Misc. 914). Appellant's position is based on the circumstance that this is a co-operative building, owned by a corporation whose capital stock is required to be held exclusively by tenants under long term leases, and whose rentals are adjusted so as to bring in a revenue equal in the aggregate to the cost of maintenance, interest and amortization of the building. This position is well founded. It is not decisive that Doctors' Owning Corporation was not formed under the Co-operative Corporations Law. It is established to have been a co-operative enterprise in view of the terms of the leases, and of the requirement that every leaseholder shall purchase and hold a proportionate number of shares of stock in the corporation. Such shares cannot be transferred without an assignment of the lease to which they are appurtenant, nor can such a lease be assigned without a transfer of the shares. The exact provision in the leases is that office space is rented '' at a yearly rental equal to that proportion which the capital stock of the Lessor (Doctors' Owning Corporation) appurtenant to this lease bears to the total capital stock of the Lessor issued and outstanding, of the amount which the Board of Directors of the Lessor shall estimate will be required during the then current or ensuing year (in addition to its other prospective income and the surplus if any, earned during the preceding year), for the payment of

all expenses and outlays by the Lessor in connection with the ownership, maintenance and operation of its real estate and buildings; including among other things the payment of taxes, assessments, water rates, insurance premiums, operating expenses, the cost of repairs, mortgage interest, mortgage amortization, the payment of any other liens, the meeting of deficits, if any, and the creating of a reserve or surplus fund for the payment of mortgage indebtedness and/or other corporate purposes, which said rent shall be paid when fixed and in whole or in installments as required by the said Board of Directors.''

The conclusion is unwarranted that this statute must be narrowly construed so as to require that appellant shall have had the formal legal title to the office space which he seeks to occupy. The building is operated as a co-operative venture. The sole activity of Doctors' Owning Corporation is the ownership and conduct of this building. Its stock is owned ratably and exclusively by persons holding leases therein. The rental is calculated on a nonprofit basis. The object, so far as practicable, is to constitute the persons to whom space in the building has been assigned as the owners of such space. Appellant has paid $6,000 and contracted to pay $9,000 more to acquire this title. It would be contrary to fact to assert that this money was paid to purchase an income producing investment, or that it was spent for any other object than to buy office space.

Respondent took possession in subordination to appellant's assignor, and can be dispossessed by summary proceedings (Civ. Prac. Act, § 1410; *Curtis* v. *Le May*, 186 Misc. 853). This is not the situation where a tenant under a lease for a later term applies to dispossess an earlier tenant holding over after his term has expired (*Eells* v. *Morse*, 208 N. Y. 103).

The meaning of the word '' title '' as used in this statute is to be gathered from the context, from the subject matter to which it is applied. The emergency rent laws are sufficiently elastic to designate a person in the position of the appellant, as having title to this rental area. The purpose of the acts would be frustrated by any other interpretation. Where the circumstances are such as to warrant doing so, the courts, for certain purposes, will pierce the corporate veil, looking behind the corporate fiction (*Tompkins* v. *Miller, Tompkins & Company*, 207 App. Div. 819). In this instance, and for this limited purpose, the intention of the Legislature is more adequately accomplished by disregarding the entity of Doctors' Owning Corporation and treating the tenants as the titleholders of their

respective spaces (*542 Morris Park Ave. Corp.* v. *Wilkins,* 120 Misc. 48, 51; cf. *Abel* v. *Paterno,* 245 App. Div. 285, 289, referring to a proprietary lease as the " purchase " of a home; *Prudence Co.* v. *160 West 73d St. Corp.,* 260 N. Y. 205, where such a transaction is described as a " sale "; and *Penthouse Properties, Inc.,* v. *1158 Fifth Ave., Inc.,* 256 App. Div. 685, 692) where it is said that the arrangement " afforded the practical means for combining an ownership interest with a method for sharing proportionately the assessments for maintenance and taxes."

The determination of the Appellate Term should be reversed, and the final order of the Municipal Court should be affirmed, with costs to the landlord in all courts.

PECK, P. J., COHN, CALLAHAN and SHIENTAG, JJ., concur.

Determination of the Appellate Term unanimously reversed and final order of the Municipal Court affirmed, with costs to the landlord in all courts. Settle order on notice. [See *post,* p. 893.]