Van Voorhis, J.
Dr. Henry Templeton Smith, owner of an office in a co-operative building belonging to Doctors Owning Corporation, instituted summary proceedings for the recovery from defendants of his office space for his own use. Defendants were statutory tenants of this space when he purchased it, holding in subordination to the former owner. A final dispossess order was made by the Municipal Court on June 2, 1947, which was reversed by the Appellate Term but reinstated by the Appellate Division (273 App. Div. 277) and affirmed by the Court of Appeals in June, 1948 (298 N. Y. 534). Defendants finally surrendered possession on July 15, 1948.
Plaintiff has brought this action to recover damages for having been unlawfully kept out of possession.
Three principal elements enter into the damages claimed by plaintiff: (1) loss of income from the practice of his profession in his usual manner, due to alleged inability to obtain suitable office space elsewhere, and expenses paid for the use of such quarters as he was able to procure; (2) the excess of the money *533 which plaintiff was obligated to pay and did pay to Doctors Owning Corporation under his agreement with that corporation, over and above what he received from defendants for the use of the premises while defendants remained in possession; and (3) the expense to which he was put for the storage of his office equipment, which would have been kept in the subject space if defendants had not unlawfully occupied it.
The Trial Justice dismissed upon the law plaintiff’s cause of action insofar as it was based upon the first two elements of damage enumerated, and submitted to the jury only plaintiff’s claim for storage charges for his equipment accruing subsequent to April 30,1947, in the sum of $283.25. The jury rendered a verdict for plaintiff for that amount, but plaintiff appeals, contending that it was error to have denied Mm recovery of the other elements of the damage that have been mentioned. Plaintiff also urges that he should have been permitted to recover storage charges for a longer period, dating back to December 17, 1946, when he first demanded and was refused possession of his office space.
The Court of Appeals has held that a tenant of real property, who has been wrongfully kept out of possession, may recover as damages the profits he could have made in his business if he had been permitted to carry it on at the demised premises until the end of his lease (Snow v. Pulitzer, 142 N. Y. 263). It is assumed that the same rule would apply to a reduction in the earnings of a professional man, if the amount of such reduction could be established to have been the proximate result of his being kept out of possession. In this instance, plaintiff’s loss in earnings was more difficult to prove due to his never having practiced at this location, and to Ms having been out of private practice altogether as an Army doctor from 1941 through May, 1946. Upon resuming private practice after the latter date, he managed to arrange for the use of space successively in the offices of two other physicians. The gross income from his practice has been shown monthly, both before and after he moved into his office in the subject property on or about July 15, 1948. These figures indicate that he earned less in August, 1948, than in the same month of the preceding year, but that he did earn considerably more during each of the succeeding months of September, 1948, through March, 1949, than in the corresponding month of the previous year. On the other hand, his income during other months since December, 1946, wMle he was practicing in the offices of other physicians, was equal to or greater than during the months while he was in *534 pp.SSgssio® ofj-Ms; own office,, Jt. is- not clear that ophthalmology, ^h¿pjt*§ piainfíiS^ .gpsciafty,- is; fpf.,: 4 ; season®}-, dharaptip,; - gsd íheser.figSíe^,standing, by themselves, - ape .ii>e,q®,clps^vp.y7<d'es,t;li f»@te588S<£5fMld Sf ^bqr^phyáipjapsyf aipifefte Wjtb,, dJM íífiPI pÉídhisjj.prftfpssi'pn yip.;Hpw:, iZPífe v£W»sy4ohadí ¡ spq® }tb§ pSB9ngPM§ tS §tngMtiPS))(ithatj?it jWfiW b-SYSv beg®oheneficial; |de the’ incomej'pfj)ai¿octpr7e®gaggdf;i®( 1thatrjpepMty-4o| hsyeyhad 4S&%yifp4e.g(|s0f iheipgj cpxpppUgdyto7aShSi?pdaciliiies mmsis <Fv8i %E§Siafists.f)Uiffhb9.rOb4iepti.0n;s dp #P-..,<»estjiQns .^(Wifees^tiyeEPjppppprfesigdaine^ihli i|át%so|¿0¿í&ia iiha^.ptipiEr.qugstifi.qs iPjigMííio^^bepli ®ske;d ikat^yonld li.dye-.been-adpxissible. r.,|j ú¡ vi
V3ifí%(tbisriveoord, dhp ?4ai®agSsif9DpteisMfeiPBatdipejnpfei®ie;4 S§ ^9o$§§t^M. É$om¡his,?being dePiriye^^fihisiipffippfApjjtlris „MMÍS&r§r§-íSEP(SiMÍv:9jlí; iHe.5hadíse,W WSdSPtPiíhiséPSactiípe fSPBsíWiípmjáfíS?; iihsí §ehPreé.#W9fí WÍ3l4h^>Pir.4PSt-0Meíil iRfcsMditwimtíhíSiipBC^ sy$8h$@6(^%®ámlp hk#¡ íSPPiMSf'iMedP-gSrPf Bíofgs'sionaíiPar®ings showed no marked increase upon his taking ^Mgeg&ion,; iS#4aSP%SSCp$pg|fttsdd9qf6$iS6,r, patients,.at, an, earlier date, by ÍNIííM te€y £b§-.tm.easiired'.i»,,yTbá gj^ahíJ^SÍigOyOOS^pctly istóPsisujainitfipg %p pf-dapt pÍa4nti^|sq,all:egeds4qsS:dpf,pnqosi'e^ hPPSííithqíKOOprl Mi.iyiísani Ífjthí£prp;aU.1thg¿fkeío.,i§ to'.thÍ8:appeal,.,:the júd'g^ WbSMífegpap4-,nf;¡u Iiüiviti.'íoli.tq y, lo r-',.tmu-w,i 01O rd
Mb4-sskíísí^x# <hmo& jmMos Plim4qacp.^YÍt¡b,.respect to what ;plainfiff:w.as obliged, to,-pay íwñpqifiF^ Pming/Pprppratip®; ¡lor;■csryyj#g gbaTgeg.jinqoydgr feokqgPdt^i*%ispaee.F#Yanablpy,,SS4iSeLidÍ9P3Á5§ai - pl-plgfflf¿ÍSís átea-MeñS ^yvrpasop dberepf^.^Those^qlipgS'appe^r Ip •MYS b^SSí®¿4esSP0S (fhe». giEO®pd¡thak ¡S9 proof rwa&offeied ,-W cífe%i:eSlal,&value; of ythe ¡premises in.:ciixos|i.on,was.greater;than &^ppnt8¡^íb¿(4píg»#9ht^/z ¡pAfífífkpWW YlWfewlk ífSBÍA?43fínqcP^9.Ssip®.o,|;Th®f(jis,RJpfra§ursq,i.,tbe.LSipasuroí,kOf fi?TÍ6^pna#^íaj.S94jR?o$>#fe!í ,^n-thefiother BE^%l»4?^S^Wd®[ special circuni^m§§afriSFgodirpdtk tré$#ss. (Mum % ^fí>ii43./^jp,ppiPiyy5,7^a»ffd5il^T),^1¡$tt5B«51/Mew e¥wbe6s-.ÉEf fL#s4iPF4’-W4;lJ!qS*hfe]íl'^9-b )yí lit) iVYEuSiip^othiSíbasi (Myers v. Sea Beach R. Co., 43 App. Div. 573, Affd. 167 N. Y. 581; 1 New York Law of landlord and Tenant, § 295)It was on this basis that recovery was allowed for profits in Snow v. Pulitzer (142 N. Y. 263, supra).
*535 , to., p.ubHc „ emergency, due; to lack of building resulting ip, sbpifagg;,pf¡busiinpss'wa'nd. commercial ¡space, the .Legislature bps ¡enacted emergency, reut-laws»affecting,.the. operation of, .the , economic .law] of supply and .demand behvccn i landlord, .and,, fen-4Utj (L. 1,9,45,: ehs. 3, 1314,, ¡ as¡:amcL¡i)h,,-r ¡Qwpers., of, space, , such as plaintiff, „ .areviallowed,; however,: ¡to., remove tenants, from premises required in good faith for the owner’s, immediate and. personal use ,(Smith v. Feigin, 273 App. Div. 277, affd. 298 N. Y. 534) Lr. Ú..534).; Unlawfully withholding possession frqm such an H Winer- muy]íentail|,p,greater:>lpss¡ ¡than, can - b,e j measured, .by the rental_value thus reduced, by statute for. the beneficiaries of the .emergency rent laws, .Defendants. ¡, were.. - formerly statutory tenants, to bo sure, hut were'held to be trespassers xvben plaintiff obtained a final dispossess cyder in .the Municipal, - Court, r^fte^thah/tbey, iyeye -up longer entitled to take advantage qf„ a rent which, had,>beenjheld¡ dpwn,,by»the,¡Legislature through,an tpxercise,,pf the police power,.for. the. benefit ,of .legitimate statuítpry4enanls..-,v c' Oí hAu-; r,r, ....¡Am,
It may well be that if plaintiff were claiming as damages the fu)! amount of this lp,s;s,: evidence should have been produced to establish what thp reasonable rental value for the demised premises, would have, been in a free market. Plaintiff, however, is only isumg on this branch ot the case tor the actual expenses which he had to pay* for current carrying 'charges do * Doctors Owning Corporation, in excess of the - amount which defendants paid to him for the months in question. If defendants had been statutory tenants, plaintiff could have had recourse to the Supreme Court, Uhdé^setitSií <4 tif dhe- Business- Bent Law (L. 1945, ch. 314, as-anido) , for au increase iii ‘the- emergency rent to a reasonable rent computed 9 0- as? to, allow ‘¡plaintiff to recover the costs of'.maintenance.and operation of this, space plus a rep sonable return, on the fair, value. Plaintiff could not apply fórsucha-renta-l:ag'ams.t''defeiidants,-.;sincetheyw6Tenot'statu- : tbr^ftétiSntá 'Utit^trésphsibfsA: -Siiricb'- defendants chose to cóñfihudfh'ohcñpy'f líese’premises,iU1 r' y i bla "’s" a'd jtid.ged rights, they cannot, be heard tó dispute that plaintiff has huffére^daníhjg^ |pfj thp ithPfÍPIPUBpe.ti,ps. ,wpuld ¡unflupstionahly ihpye,¡been required -of ¡them;>hy the seount if they had been legitimate - atatu- ; to ry1 tenants: - Bei'endant'S: are estopped from ’ denying ’1 that the .'^blhhlof fhg:Wé:,hñdUdSupStíóhí^hh.Wlpast;'e(liihlltbuwhht!:pláihtitf ivas, reqiured t^pay.isfo(,Doctors Owning Corporation for ,;eu.rreuhiQh^tges;in>Q.rdeu4P;i^akhíihe¡isp.ace,„ayaiíahle, ¡v„v,
*536 Under these circumstances, it does not seem that evidence is necessary of the rental value of the demised premises in a free market in the absence of emergency rent laws. Defendants should not be held, however, for anything paid by plaintiff to Doctors Owning Corporation on capital account, such as participation in the amortization of the principal mortgage indebtedness.
It may well be that if plaintiff were to succeed in recovering special damages by reason of loss of income due to damage to his practice resulting from not having his office at this location, any loss due to payment of items for current expenses to Doctors Owning Corporation would be merged in such damage to his practice. No overlapping or double recovery should be allowed.
Plaintiff is not justly aggrieved by the allowance of damages for storage charges for his equipment from April 30, 1947, the date of his last demand for possession, inasmuch as the final order was not entered in the Municipal Court until J une 2, 1947, determining that plaintiff’s demand for possession for his own use was made in good faith.
The judgment appealed from should be reversed and a new trial granted, with costs to appellant to abide the event.
Glennon, J. P., Cohn, Callahan and Shientag, JJ., concur.
Judgment unanimously reversed and a new trial ordered, with costs to the appellant to abide the event.