In the Matter of LEONIE A. DANFORTH, Petitioner, against JOSEPH D. McGOLDRICK, as State Rent Administrator, Respondent.

Supreme Court, Special Term, New York County, December 11, 1951.

*Baldwin, Todd & Lefferts* for petitioner.

*Robert H. Schaffer* and *Beatrice Shainswit* for respondent.

CORCORAN, J.   The petitioner brings this proceeding under article 78 of the Civil Practice Act to review an opinion of the State Rent Administrator and an amendment to the Rent and Eviction Regulations of the Temporary State Housing Rent Commission, and to annul the issuance of a certificate of eviction by the commission.

The petitioner is the tenant and occupant of an apartment in what is now a co-operative apartment house.   When the petitioner and her husband first became tenants in 1943, the house was not co-operatively owned.   Their lease expired on September 30, 1946, and they continued to occupy the apartment as statutory tenants.   The petitioner's husband died in 1950, but she has continued in possession of the apartment.

In 1947, the building became a co-operative apartment house. The co-operative corporation offered to sell to the petitioner's husband certain of its capital stock allocated to the apartment which they occupied, and to give him a proprietory lease on it. When this offer was declined, the corporation sold the stock and the proprietory lease for that apartment to one Wanger.

In May, 1951, Wanger applied to the Temporary State Housing Rent Commission for a certificate of eviction, on the ground that possession was desired for personal occupancy by him and his immediate family.   The local rent administrator issued an order granting the certificate.   The petitioner filed a protest, asserting as her principal objection the fact that the administrator had not found that there was any immediate or compelling necessity for Wanger or his family to have the use and occupancy of the apartment, and that Wanger had not even made an attempt to prove such necessity.   The State Rent Administrator has affirmed the issuance of the certificate of eviction.

Under the State Residential Rent Law, a landlord who seeks to recover possession for the use and occupancy of himself or his immediate family must prove " immediate and compelling necessity " as a condition to obtaining a certificate of eviction, except that no such proof is required where the housing accommodations are located in a " one-or two-family house " (L. 1946, ch. 274, § 5, subd. 2, par. [a], as amd. by L. 1951, ch. 443).

Paragraph 3 of section 55 of the Rent and Eviction Regulations of the Temporary State Housing Rent Commission relates to the recovery of possession in the case of co-operatives. Until September 1, 1951, it had stated that an application for an eviction certificate must comply with subdivision 1 of that regulation. Though this subdivision repeated the provisions of the statute with respect to " immediate and compelling necessity ", the State Rent Administrator has always interpreted the regulation to mean that the landlord of a co-operative apartment has the same rights under it as the owner of a one-family house and was not required to prove " immediate and compelling necessity " (Administrator's Opinion No. 79).

On September 1, 1951, paragraph 3 of section 55, of the regulations was amended by providing that where the applicant for a certificate of eviction " seeks to recover possession for his own personal use, he need not establish an immediate and compelling necessity " (Amendment No. 6, eff. Sept. 1, 1951). Thus the opinion of the State Rent Administrator was, in effect, incorporated into the regulations. The State Rent Administrator has continuously taken the position that his Opinion No. 79 was what the regulations meant even without Amendment No. 6.

In my opinion, the State Rent Administrator's Opinion No. 79, and the commission's Amendment No. 6 to paragraph 3 of section 55 of the Rent and Eviction Regulations are contrary to law. A co-operative apartment is not a one-family house or a two-family house. The fact that some State and Federal statutes treat the ownership of a co-operative apartment the same as the ownership of a one-family house does not make them identical. A person purchasing stock in a co-operative is not buying a house. He is buying shares in a corporation and contractual rights to occupancy of an apartment in a building owned by the corporation. It is true that the object of co-operatives " so far as practicable, is to constitute the persons to whom space in the building has been assigned as the owners of such space " (*Smith* v. *Feigin*, 273 App. Div. 277, 280, affd. 298 N. Y. 534), and that the stockholders in a co-operative, in

effect, have title to each respective apartment. It is not true, however, that the space or apartment to which title is held by a co-operative shareholder becomes a house rather than an apartment because of the peculiar nature of this type of ownership. There are many similarities between the ownership of a house and that of stock in a co-operative apartment, but the differences between the two types of housing accommodations are essential and obvious. That these differences are economic as well as physical and legal is emphasized by the facts in this proceeding where it appears that the " landlord " purchased stock not for one, but for three co-operative apartments. In the absence of statutory authorization so to do, the commission has no power to treat co-operative apartments and one-family houses as identical in all respects.

The Legislature has the power, of course, to include co-operatives within the definition of one- and two-family houses for the purpose here involved, or for all purposes, and to attach the same rights and obligations to the ownership of such housing accommodation. I find nothing in the language of chapter 443 of the Laws of 1951, or in its legislative history, however, which indicates an intention on the part of the Legislature to give such a broad meaning to the words " one- or two-family houses ".

In the early part of the 1951 legislative session, the State Rent Administrator, in accordance with statutory direction (State Residential Rent Law, § 4, subd. 2, par. [c], as amd. by L. 1950, ch. 250), submitted a rent control plan to the Legislature. Up to that time, section 55 of the regulations required proof of need by all landlords without exception. In the plan, the administrator set forth a revision of the State Rent and Eviction Regulations. With respect to section 55 of the regulations, he made two recommendations: (a) that the obstacles to owner occupancy of one- and two-family homes be relaxed, and (b) that owners of co-operatives be given the same rights of owner occupancy as other home owners.

Under the terms of the 1950 statute, the regulation which the administrator proposed on the subject became effective through failure of the Legislature to adopt a resolution of disapproval. The regulation proposed at that time, however, relaxed the necessity rule only in the case of one- and two-family houses. It contained nothing about co-operative apartments. The administrator states that he assumed that the regulation included co-operative apartments. As proof of such understanding he cites Opinion No. 79 made five days after the commission issued the regulations allegedly approved by legislative non-

action. Thereafter, the Legislature itself amended the statute in regard to evictions (L. 1951, ch. 443). It added the matter which related to one- and two-family houses and omitted any matter on co-operatives. This is far more important and determinative than the administrator's interpretation of the regulation.

The Legislature had the subject of evictions in co-operatives actively before it in the 1951 session. Upon the administrator's suggestion, contained in the rent control plan, that " the whole subject of co-operatives is adequately dealt with in the proposed Regulations ", the Legislature repealed subdivision 9 of section 1410 of the Civil Practice Act, which dealt with evictions in co-operatives (L. 1951, ch. 444). It seems clear that the Legislature did not want to have a tenant in a co-operative evicted unless the landlord proved that he needed the apartment. Had the Legislature intended otherwise, the statute would have said so. It should be noted that when the Legislature provided for the fixation of maximum rents, it separately categorized the owners of small houses and the owners of co-operative apartments (State Residential Rent Law, § 4, subd. 4, par. [a], clauses [2] and [3]). There is no reason to assume that the Legislature regarded a small housing unit and a co-operative apartment as distinct for purposes of rental control and as the same thing for purposes of eviction. Provisions in the statute which are appropriate and peculiar to co-operatives, describe such housing accommodations as " cooperative apartments ". Where the statute deals with a one- or two-family house, it describes such housing accommodations in just those terms.

The administrator takes the position that the eviction provisions of the statute say nothing about co-operatives and that the only protection now expressly accorded tenants in co-operative apartments lies in the regulations and opinions of the administrator. From this he concludes, as follows: " Such being the case, it is difficult to see how the Regulation — the sole present positive source of the tenant's rights — can in any way violate the Rent Control Law, the Civil Practice Act, or the common law, none of which accord any existing protection whatever in allowing the owner of a co-operative apartment to obtain a certificate for personal occupancy without showing compelling need." This argument is based on the invalid premise that the statute accords the tenant no existing protection. It is true that, with respect to evictions, the statute says nothing about tenants in co-operatives. Such tenants, nevertheless, can look to the statute for their protection and do not have to rely on the

regulations. The provisions of law referred to above (State Residential Rent Law, § 5, subd. 2, par. [a], as amd. by L. 1951, ch. 443) require proof of need as against all tenants, and that includes tenants in co-operatives. The procedural and evidential provisions of the statute must be read in connection with the declaration and findings contained in section 1. Those provisions are understood to have general application for all tenants during the serious public emergency in housing and are intended for the protection of all tenants. The only exceptions to such protection are those specifically prescribed by the Legislature. They must be limited to the description of them by the Legislature, and they are not to be expanded by either administrative regulation or judicial decision. One exception is in regard to proof of need against a tenant in a one- or two-family house. Such a tenant does not get the protection of the necessity rule. A tenant in a co-operative apartment, not included in the exception, does get it.

Since the landlord was not seeking to recover the possession of a one-family house, the law required him to prove need. He has failed to do this and there is no authority for a regulation or an administrator's opinion to relieve him of this burden. Administrator's Opinion No. 79 and paragraph 3 of section 55 of the regulations, insofar as it was amended by Amendment No. 6 to read: " provided, however, that where the applicant seeks to recover possession for his own personal use, he need not establish an immediate and compelling necessity;" and the order granting the certificate of eviction are not in accordance with law (*Whitmarsh* v. *Farnell,* 273 App. Div. 584, revd. on other grounds 298 N. Y. 336).

Since I have decided that Amendment No. 6 is invalid and beyond the powers of the commission to adopt, it is not necessary to pass upon the right of the commission to amend a regulation during the pendency of a proceeding before it which is affected by that amended regulation.

Settle order annulling the certificate of eviction and paragraph 3 of section 55 of the regulations insofar as indicated above. There is no authority in subdivision 2 of section 9 of the State Residential Rent Law relative to enjoining or setting aside an opinion of the respondent. A statement should be contained in the recitals in the proposed order, however, to the effect that the court has decided that said opinion is not in accordance with law.