In the Matter of the Accounting of CHASE NATIONAL BANK OF THE CITY OF NEW YORK et al., as Executors of HENRY F. MILLER, Deceased.

Surrogate's Court, New York County, March 26, 1954.

*Joseph C. Burrows* for executors, petitioners.

*Frederick R. Ballin,* special guardian for Henry K. Chalmers, an infant, respondent.

FRANKENTHALER, S. Testator, a lawyer, drew his will in 1941, and by the twelfth article of that instrument devised his real estate in this county to his daughter. The subject of the devise was described as " all the real estate owned by me in the Borough of Manhattan, City of New York, now consisting of the premises known by the street numbers * * *.'' The asterisks in the quotation indicate the omission of street numbers and descriptions by metes and bounds of two parcels of realty. Testator drew and executed a codicil to his will in 1945, a second codicil in 1946, and a third codicil in 1950. None of the codicils amended the twelfth article of the will.

On testator's death in August, 1951, there were among his assets a certificate dated July 20, 1951, for 102 shares of the capital stock of Madison-90th Street Corp. and a proprietary lease dated March 12, 1951, between that corporation, as lessor, and testator, as lessee, for the hire of an apartment for twenty-one years. The lease recites that the lessor is the owner of the land and building and the lessee agrees to pay as rent an amount to be computed upon the annual cash requirements for the operation of the premises. The covenants of the lessor and the lessee are those usually found in apartment leases and pertain to repairs, subletting, assigning, summary dispossess, house rules, etc.

The question presented is whether the interests of testator as shareholder and lessee passed as real estate under the twelfth article of his will. The question does not arise because of any ambiguity, mistake or misdescription in the will (cf. *Matter of Cartledge,* 118 Misc. 131, affd. *sub nom. Matter of Columbia Trust Co.,* 203 App. Div. 899, affd. 236 N. Y. 515; *Matter of Manning,* 196 App. Div. 575, affd. 232 N. Y. 512; *Matter of Ferguson,* 194 Misc. 840, and *Matter of Wyler,* 202 Misc. 1035). The assets in question were not owned by testator when he executed any of the several instruments which together comprise his will and these precise assets could not have been in testator's thoughts at any of the times he expressed his testamentary purposes. Inasmuch as nothing in the circumstances surrounding the execution of any testamentary paper can evidence a testamentary intention with regard to these assets, the question to be resolved is the bald one whether a devise of " all

the real estate owned by me '' includes, in the absence of proof of a contrary intention, a disposition of stock in an incorporated co-operative apartment organization and of a proprietary apartment lease.

Considered separately the shares of stock and the lease each would be considered personalty for purposes of estate distribution (Surrogate's Ct. Act, § 202, subds. 1, 8; *Schmitt* v. *Stoss,* 207 N. Y. 731; *Wells* v. *Higgins,* 132 N. Y. 459) and the fact that the stock ownership is prerequisite to the procurement of the lease would not seem to affect the legal classification of these assets. Some courts, for the very limited purposes of dispossess proceedings, have disregarded the corporate entity in co-operative apartment enterprises and have regarded a lessee as either an owner-lessee or a title holder of certain space (*Smith* v. *Feigin,* 273 App. Div. 277, affd. 298 N. Y. 534; *Curtis* v. *Le May,* 186 Misc. 853; see *542 Morris Park Ave. Corp.* v. *Wilkins,* 120 Misc. 48, 51) while in other instances the shareholder-lessee has been considered a tenant (*Greenberg* v. *Colonial Studios,* 107 N. Y. S. 2d 87, revg. 105 N. Y. S. 2d 494; *Braislin, Porter & Baldwin* v. *Sawdon,* 68 N. Y. S. 2d 774; cf. *Dunbar Apts.* v. *Nelson,* 136 Misc. 561). Such rulings, however, are not necessarily inconsistent with the generally accepted classification of an estate measured by a definite number of years as personalty and not realty (see *Despard* v. *Churchill,* 53 N. Y. 192; *Matter of Ehrsam,* 37 App. Div. 272; *Matter of Althause,* 63 App. Div. 252, affd. 168 N. Y. 670; *Rodack* v. *New Moon Theatre,* 121 Misc. 63; *Durand* v. *Lipman,* 165 Misc. 615, 622; *Wagner* v. *Mallory,* 169 N. Y. 501; Decedent Estate Law § 80, subd. 1, and Restatement, Property, § 8). The testator was an attorney and was familiar with this traditional classification. In the absence of any statement that he intended the assets in question to pass to his daughter as realty rather than to become, as personalty, part of the residuary trust of which his daughter is the primary beneficiary, the court holds that the interests of the testator as shareholder and lessee did not pass as real estate under the twelfth article of the will.

The executors are authorized to abandon as worthless the shares of stock of Slade Asbestos Corp. and any interest of testator in the contract with Slade Products Inc. referred to in schedule HH of the account.

Submit decree on notice construing the will and settling the account.