Walter R. Hart, J.
This is an application seeking to review an order of respondent, State Rent Commission, which denied petitioner’s protest and affirmed an order of the Local Rent Commission rejecting reports of decontrol filed by the petitioner. The decontrol, it is claimed, stems from the fact that the housing accommodations are in reality ‘ ‘ one family houses” which had become vacant after April 1, 1953; that pursuant to section 2 (subd. 2, par. [i]) of the State Residential Rent Law (L. 1946, ch. 274, as amd.) and subdivision 12 of section 9 of the State Rent and Eviction Regulations they are no longer subject to control.
The said accommodations consist of five apartments in a 16-apartment building. This structure was organized as a co-operative in 1920 and operated as such continuously beyond the April 1, 1953 statutory date of decontrol of one- and two-family houses which would thereafter become vacant. On April 1, 1953, 11 of the apartments were owner occupied while the five subject apartments had been occupied by tenants of the owners of the apartments. Thereafter during 1954 and 1955, the petitioner purchased all of the 16 apartments from their owners and filed reports of decontrol. As to those which were owner occupied, reports of decontrol were accepted but the five, which had been tenant occupied, 'were rejected on the ground that the accommodations did not meet the requirements of being one-family houses.but that they were “ in reality a unit in a multiple dwelling.” This conclusion, in addition to reflecting the inconsistency of respondent, is contrary to law. If the five units are in reality units in a multiple dwelling, then so too are the other 11 units. The fact that the latter were occupied by the “ owners ” would not change their complexion as simply being units in a multiple dwelling. There is, however, a great wealth of authority, much of which has been established on the urging of respondent, to the effect that the Legislature in amendments to the rent laws excepting one-family houses from its scope, intended to include co-operative apartments. Thus, in Matter of Flamman v. McGoldrick (279 App. Div. 854); Matter of Wattley v. State Rent Comm. (280 App. Div. 762, affd. 304 N. Y. 819) and Matter of Massey v. McGoldrick (279 App. Div. 1090) it was held that the provisions of the statute which dispense with the necessity of showing an immediate and compelling necessity as a prerequisite for the procurement of the certificate of eviction from a one-family house were equally applicable to co-operative apartments. In its brief submitted to the Court of Appeals in the Wattley case, the Rent *555 Commission, after reviewing the legislative history to support such conclusion, stated in bold print (p. 12): “ The courts have uniformly held that the owner of a cooperative apartment is the owner of a one-family house.” Respondent then added: ‘ ‘ It has always been the unanimous position of the courts that the owner of a cooperative apartment is the ‘ landlord ’ of a ‘ housing accommodation * * * located in a one- * * * family house ’”. In support of this contention respondent quoted at length from Smith v. Feigin (273 App. Div. 277, affd. 298 N. Y. 534) and from Hicks v. Bigelow (55 A. 2d 924 [Dist. of Col.]) and cited 542 Morris Park Ave. Corp. v. Wilkins (120 Misc. 48 [App. Term, 1st Dept., 1922, Lehman, J.]).
Respondent then cogently urged: “ Indeed, nowhere in the decided cases can there be found a single voice holding otherwise than that the owner of a cooperative apartment is the owner of his own home — in other words, the landlord of a one-family house. The Courts could hardly have held anything else, in view of the peculiarity of modern municipal conditions. On the island of Manhattan, for example, the erection of one-family houses has become a thing of the past. The high cost of land and the steadily rising tax rate have combined to make large apartment houses the only profitable investment. * # * Such ownership is possible in Manhattan only by purchasing a cooperative apartment. The buyer thereby becomes in every sense a home owner. He is responsible for decoration, heating, maintenance, and repairs. He cannot be evicted, and he pays taxes like any other home owner.”
If, as appears, the term “ one-family house ” encompasses in meaning a co-operative apartment within the ambit of subdivision 2 of section 5 of the statute relating to certificates of eviction, this court is at a loss to understand why it is not equally applicable to section 2 (subd. 2, par. [i]) relating to decontrol. Respondent, to sustain its determination, urges that if petitioner’s contentions are held to be valid, this might result in general decontrol because an “ owner could simply declare the structure to be a cooperative corporation and proceed to allocate the stock of all such units to himself or his nominee and thereby obtain vacancy decontrol.” This argument lacks merit. It could also have been urged to reach a contrary result with respect to the interpretation of subdivision 2 of section 5 of the statute. In any event, the Rent Commission has by subdivision 3 of section 55 of the regulations been afforded the means of insuring against the formation of involuntary or fictitious co-operatives designed to frustrate the purposes of the statute.
Accordingly, the motion is granted. Submit order.