Joseph A. Cox, S.
In this proceeding to settle the final account of executors and the intermediate account of trustees instructions are requested as to whether shares of Madison-90th Street Corporation owned by the testatrix at her death and a proprietary lease held by her are to be regarded as real property devised under article first of the will. This provision reads as follows: “All real property, wherever situated, which I may own at the time of my death, together with the buildings and structures thereon and all rights and easements appurtenant thereto, I give and devise in equal shares to my children, Walter *685 CHALMERS REISIHGER and GLORIA REISIHGER MILLER, OF, if Only One of them survives me, to such survivor.”
The devisees named in the quoted article contend that the shares of stock and the lease of the co-operative apartment constituted real estate passing to them while parties interested in the residuary estate assert that such assets were personal property disposed of by the residuary gift in the will. These assets have been sold and the controversy concerns the disposition that is to be made of the proceeds of sale.
There have been prior decisions upon the question of defining shares in a co-operative building corporation and a proprietary lease as realty or personalty. In Matter of Miller (205 Misc. 770), Matter of Schlesinger (22 Misc 2d 810) and Matter of Bloomingdale (142 N. Y. S. 2d 781) the holdings were that such properties constituted personalty and did not pass under a general devise of all real estate. These decisions were based primarily upon the basic classification of corporate stock and leases as personal property within the definitions of the Surrogate’s Court Act and the general distinction existing in law between personal property and real estate. In Matter of Rockwell (26 Misc 2d 709) the conclusion was reached that a disposition of a “ home ” and “ furnishings thereof ” referred to a co-operative apartment in which the testator and his family resided but that determination was premised upon the intention found in the testator’s dispositive language and not upon a classification of property depending upon the testator’s employment of a generic term.
The decision here need not rest solely upon the fact that neither corporate stock nor a lease is normally regarded as real estate because the will indicates that the testatrix was referring to real estate in the usually accepted sense. The devise is “ real property, wherever situated * ® * together with the buildings and structures thereon and all rights and easements appurtenant thereto ” and this seems to clearly point to the fact that the expression “ real property ” was used as synonymous with ‘ ‘ land ’ ’.
A stipulation of facts has been submitted in which it has been agreed that the testatrix was the owner of the stock and the proprietary lease at the date of the will but that this was not known by the draftsman and no reference to this was made by the testatrix. It also has been stipulated that, after the execution of the will, the testatrix in a conversation with the attorney for her children stated that she had bequeathed the co-operative apartment to them. While proof of circumstances surrounding the execution of a will may be given consideration in the instru *686 ment’s construction (Matter of Smith, 254 N. Y. 283), statements of a testator made subsequent to the execution of a will do not constitute a proper basis for construing that instrument (Matter of Smith, supra; Dwight v. FanchEr, 245 N. Y. 71; Brown v. Quintard, 177 N. Y. 75).
It is held that the stock and the proprietary lease are not included in the devise of real estate under article first of the will and the proceeds of the sale of the stock and lease are payable to the trustees of the residuary trusts.