OPINION OF THE COURT
Sidney Leviss, J.
This is a motion by defendants to dismiss the complaint herein pursuant to CPLR 3211 (subd [a], par 7) and 3211 (subd [a], par 10) on the respective grounds that the complaint fails to state a cause of action and that plaintiff has failed to join necessary parties. Plaintiff cross-moves pursuant to CPLR 1003 for permission to join the necessary parties.
*1023 Plaintiff Clearview Gardens Fourth Corp. (hereinafter Clearview) is the owner of a co-operative apartment building located at 163-31 to 163-33 17th Avenue in Queens, New York. The garden apartment units are occupied by tenant-shareholders.
Although not clearly, delineated, plaintiff appears to allege two causes of action. Its first complaint is that its property has been assessed in excess of full value while one- and two-family homes have been assessed at 20% of value and, second, that defendants “rolled back” assessments on one- and two-family homes without authorization. These actions, Clearview contends, represent a deliberate determination by defendants to favor single-family, and two-family homeowners over the owners of co-operative apartments and to impose upon the latter a disproportionate share of the tax burden in denial of plaintiff’s constitutional rights. Accordingly, plaintiff demands judgment, declaring that defendants assess plaintiff’s property exactly as one- and two-family homes are assessed, that such “roll backs” are illegal, and that assessments on one- and two-family homes affected by the “roll back” should be increased to the amount set forth prior to the “roll back”.
Defendants’ first argument in opposition to the action herein is that it has been improperly commenced as an action for declaratory relief. Defendants’ position is that since the complaint is basically an attack on plaintiff’s assessment, review can only be had in a statutory certiorari proceeding prescribed in article 7 of the Real Property Tax Law. Plaintiff contends that it is not seeking- to fix or review its assessment for any particular year, but is instead seeking to define the proper parameters of the class of property within which its property should be assessed and an interpretation of section 166-1.0 of the Administrative Code of the City of New York.
The court determines that plaintiff has commenced its action properly. Declaratory relief is appropriate where plaintiff has alleged that government officials have acted in disregard and/or in excess of statutory guidelines or where there is a question as to the proper interpretation of a statute. (Bloom v Mayor of City of N.Y., 35 AD2d 92, affd 28 NY2d 952; Zinder v Board of Assessors of County of *1024 Nassau, 66 Misc 2d 150, affd 38 AD2d 836; C.H.O.B. Assoc. v Board of Assessors of County of Nassau, 45 Misc 2d 184, affd 22 AD2d 1015, affd 16 NY2d 779.)
Defendants’ second ground for dismissal of this action is that plaintiff’s contention that defendants must assess plaintiff’s property in accord and at the same ratio to full value as one- and two-family homes are assessed does not state a cause of action. The crux of plaintiff’s grievance is one of inequality of assessment, the basis of which is that there are not valid distinctions between the two classes of residential homeowners.
A complaint that an assessment is erroneous by reason of inequality is governed and the standard of assessment is set by subdivision b of section 166-1.0 of the Administrative Code. This section permits review by a person claiming to be aggrieved by the assessed valuation of his real property if the person alleges that the assessment “has been made at a higher proportionate valuation than the assessment of other real property of like character in the same ward or section, or other real property on the assessment rolls of the city for the same year”.
Subdivision b of section 166-1.0 was recently interpreted to authorize a classified assessment of taxation within the City of New York. (Matter of Colt Inds. v Tax Comm. of City of N.Y., NYLJ, June 4, 1980, p 10, col 2, affd 81 AD2d 777.) Concededly, Colt dealt with the classification of income or commercial property and private residential property while, in the case at bar, the court is concerned with the classification of different types of residential property. However, the rational underlying Colt is applicable. The decision stated (p 10, col 3) that: “[a] legally constituted reasonable standard of classification does not violate the United States Constitution. Equal protection does not require identity of treatment, but only that classification rest on real not feigned differences, that the distinction have some relevance to the purpose for which classification is made.” (See 58 NY Jur [rev ed], Taxation, §48.)
There is rational basis for treating co-operatives differently from one- and two-family homes. A co-operative apartment is clearly a different entity than a one- or two-family home. “A person purchasing stock in a co-operative *1025 is not buying a house. He is buying shares in a corporation and contractual rights to occupancy of an apartment in a building owned by the corporation. It is true that the object of co-operatives ‘so far as practicable, is to constitute the persons to whom space in the building [is] assigned as the owners of such space’ * * * and that the stockholders in a co-operative, in effect, have title to each respective apartment. It is not true, however, that the space or apartment to which title is held by a co-operative shareholder becomes a house rather than an apartment because of the peculiar nature of this type of ownership. There are many similarities between the ownership of a house and that of stock in a co-operative apartment, but the differences between the two types of housing accommodations are essential and obvious” (Matter of Danforth v McGoldrick, 201 Misc 480, 482-483; 11 NY Jur [rev ed], Co-operatives, § 122; Matter of State Tax Comm. v Shor, 84 Misc 2d 161, affd 53 AD2d 814, affd 43 NY2d 151). The court concludes that there exists a rational basis for defendants to classify one- and two-family homes at a different rate of taxation than cooperative apartments. (Gaynor v Rockefeller, 15 NY2d 120.)
Turning to defendants’ third argument for dismissal of this action, defendants contend that this is essentially a taxpayers’ suit pursuant to section 51 of the General Municipal Law and is deficient because of the lack of allegation of waste and a posting of the necessary bond. Plaintiff argues that this is not a taxpayers’ suit but one brought to remedy a personal and direct harm flowing from improper governmental actions. The court concludes that plaintiff lacks standing to assert the cause of action.
A person can obtain standing to sue government officials either by alleging some generalized wrong, what is considered a taxpayers’ suit pursuant to section 51 of the General Municipal Law, or by alleging personal and direct harm flowing from improper governmental action. (Schieffelin v Komfort, 212 NY 520; Doolittle v Supervisors of Broome County, 18 NY 155; Norwick v Rockefeller, 70 Misc 2d 923, affd 40 AD2d 956, affd 33 NY2d 537.) The harm must be peculiar to a person’s individual interest as distin *1026 guished from his rights in common with the general population.
In the case at bar, plaintiff has not shown such a personal interest in the matter as will entitle it to maintain the action. Even if it were ultimately determined that defendants lack statutory authority to “roll back” assessments and the “roll backs” were reinstated, plaintiff would not be “personally and directly affected” within the meaning of that phrase. Plaintiff is aggrieved only in the general sense that it is paying higher property taxes than owners of one- and two-family homes. All citizens are affected favorably or unfavorably by any changes in tax assessments. Plaintiff’s real quarrel is with the classification of its property.
Since plaintiff herein contends that it does not bring suit under section 51 of the General Municipal Law, it is unnecessary to determine whether such a cause of action would lie. (See Gaynor v Rockefeller, supra.)
The court has considered the other arguments raised by the parties and finds them to be without merit.
Accordingly, defendants’ motion to dismiss pursuant to CPLR 3211 (subd [a], par 7) is granted. Defendants’ motion to dismiss pursuant to CPLR 3211 (subd [a], par 10) and plaintiff’s cross motion to join necessary parties pursuant to CPLR 1003 are denied and dismissed as moot.