OPINION OF THE COURT
Arnold F. Ciaccio, J.
This court is asked to determine whether the decedent’s ownership of a cooperative apartment unit in Florida is realty and therefore excludable from the value of the decedent’s estate in determining the New York gross estate (Tax Law § 956) or on the contrary, personalty, and therefore includable in such gross estate.
At the time of her death the decedent was the joint owner of a cooperative apartment in Florida. It is alleged that she resided there for approximately six months of every year, and did so for a period of some 11 years. Her ownership in the cooperative was evidenced by a one share of capital stock in the cooperative association. The petitioning executor excluded that ownership from the New York State gross estate on the basis that it was real or tangible property having an actual situs outside of New York State. (Tax Law § 956.)
The New York State Tax Commission has denied the exclusion of decedent’s interest in the cooperative apartment from the gross estate. It advised the attorneys for the executor that the decedent’s ownership interest was a stock certificate and as such was intangible personal property includable in the gross estate.
Remarkably enough, there does not appear to be any statutory or definitive case law determination of the issue. In some instances the courts have defined cooperatives as realty, while in others the proprietary interest has been described as personalty. No single rule of law seems to have emerged.
*1061 The dominant characteristic of ownership in a cooperative apartment is the proprietary lease. The tenant of such a lease may possess rights and obligations peculiar to both real or personal property ownership. For instance, a cooperative apartment owner has been authorized to bring summary eviction proceedings to obtain possession akin to the owner of realty. (Curtis v Le May, 186 Misc 853.) So, too, the Statute of Frauds applicable to real estate transactions applies to the sales of ownership in cooperative stock certificates. (Frank v Rubin, 59 Misc 2d 796.) There are other indices of realty ownership as well. (Smith v Feigin, 298 NY 534.)
On the other hand, any number of cases have determined that the ownership of an interest in a cooperative apartment is an ownership of personalty. (Matter of Miller, 205 Misc 770; Matter of Danforth v McGoldrick, 201 Misc 480.) In Penthouse Props. v 1158 Fifth Ave. (256 App Div 685), it was held that the tenants in a cooperative housing project are the owners .of stock and are not entitled to receive a deed for their fractional part of the real estate they occupy; as stockholders they have no more legal or equitable right to the real estate of the corporation than stockholders in any corporation owning real estate; the primary interest of any stockholder in a corporation formed under a cooperative corporation law is the long-term proprietary lease.
In what appears to be one of the few discourses on the subject by the highest court of this State, the Court of Appeals in an opinion by Chief Judge Breitel in 1977 held that an interest in a cooperative apartment was not a chattel real and therefore not real property for the purposes of CPLR 5203. (Matter of State Tax Commn. v Shor, 43 NY2d 151.) The case involved a determination of priorities of judgment creditors.
The court determined that a judgment creditor did not obtain a lien against the ownership interest in the cooperative apartment merely on the docketing of a judgment as it would in the case of real estate. The court found that the judgment creditor was put to customary eviction proceedings treating the lease and stock certificate as personal property.
The Shor majority (supra) found particularly persuasive certain 1971 amendments to the Banking Law of the State of New York which indicated strongly that priorities in the stock certificate and proprietary lease of a cooperative apartment corporation are to be treated under principles governing personal property (Banking Law § 235 [8-a]; § 380 [2-a]).
. While the court in Shor (supra) appears to leave room for a distinction to be made in the determination of the nature of the *1062 proprietary interest this court does not find those distinctions present in the case before it. While for some purposes, the real property aspect may predominate, on the state of the record before it, this court cannot find those special purposes. It therefore holds that the decedent’s shareholder’s interest in the cooperative apartment in Florida is personal property and therefore includable for New York State estate tax purposes.
In doing so the court is mindful and has considered the assertion that the apartment was utilized by the decedent, at least in part, as residential. Admittedly this court is left with the less than desirable necessity of making an ad hoc decision in an area in which the Legislature might have long since determined.